**Don R. AVERITT, Appellant,**

v.

**BRUTON PAINT & FLOOR CO., Appellee.**

No. 05–88–00172–CV.

Court of Appeals of Texas, Dallas.

March 23, 1989.

Joseph R. Reznicek, Dallas, for appellant.

Darrell D. Minter, Dallas, for appellee.

Before STEWART, KINKEADE and OVARD, JJ.

OVARD, Justice.

Appellant, Don R. Averitt, appeals from a denial of a motion for new trial, and seeks to set aside a default judgment. This suit arose when Averitt allegedly bought goods on credit from appellee, Bruton Paint & Floor Company (Bruton) and then did not pay for the items. Bruton filed suit on a sworn account against Averitt for the price of the goods.

Averitt contends that the trial court abused its discretion in denying his motion for new trial because there was uncontroverted evidence that he had not received notice of the hearing on the motion to compel discovery. We agree. Because this point is dispositive of the appeal, we need not address Averitt's other point. We set aside the default judgment and remand this case for a rehearing on the motion to compel.

During the pendency of the case in the trial court, Averitt obtained three different attorneys. After his first two attorneys withdrew from the case, Averitt was served with Bruton's second set of interrogatories. When Averitt failed to timely respond, Bruton filed a motion to compel answers and for sanctions. Bruton sent Averitt notice of the hearing on the motion by certified mail, return receipt requested. Averitt later confirmed that the notice was sent to the address that he had previously provided pursuant to discovery. Neither Averitt nor his attorney appeared at the hearing and the trial court granted Bruton's motion to compel. The court also struck Averitt's pleadings in response to Bruton's request for sanctions, and then entered a default judgment against Averitt.

Averitt concedes that notice of the hearing on the motion to compel was sent by certified mail and that the notice was delivered to an address which he provided to Bruton. However, Averitt filed a verified motion for new trial, averring that his father received the notice and did not give the notice to him until after the hearing. When the court heard arguments on the motion for new trial, Bruton did not ask for an evidentiary hearing or otherwise attempt to controvert Averitt's sworn denial of receipt of notice.

The Texas Supreme Court has set forth the guiding principles which trial courts are to follow in determining whether to grant a motion for new trial:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indiffer-

ence on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (Comm'n App.1939, opinion adopted). *See Cliff v. Huggins,* 724 S.W.2d 778 (Tex.1987). The *Craddock* test also applies to a motion for new trial where, as a sanction, the trial court struck a defendant's answer and entered a default judgment. *Equinox Enter. v. Associated Media, Inc.,* 730 S.W.2d 872, 874 (Tex.App.—Dallas 1987, no writ).

■■■■ Averitt's motion for new trial sets up a meritorious defense to the underlying suit which meets the requirements of *Craddock.* Averitt alleged that he had never ordered goods in his individual capacity; that if any goods were sold, they were purchased by an entity which has now filed for bankruptcy.[1] Additionally, Averitt alleged that granting the motion for new trial would not cause delay or otherwise prejudice Bruton. The record does not reflect evidence to the contrary. This allegation also supports the requirements of *Craddock. See Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex.1987); *Strackbein v. Prewitt,* 671 S.W.2d 37, 39 (Tex.1984). On a motion for new trial, the trial court is bound to accept as true the affidavits of the movant, unless the opponent requests an evidentiary hearing. *See Healy v. Wick Bldg. Systems, Inc.,* 560 S.W.2d 713, 721 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.) (op. on reh'g); *see also Dallas Heating Co., Inc. v. Pardee,* 561 S.W.2d 16, 19–20 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). In this case, Bruton did not request an evidentiary hearing in response to the verified motion for new trial. Thus, Averitt's verified motion must be accepted as true. *Healy,* 560 S.W.2d at 721.

The sole remaining issue is whether Averitt's verified motion for new trial sets

forth facts negating his intentional or conscious indifference in failing to appear at the motion to compel hearing. *See Craddock,* 133 S.W.2d at 126. It is sufficient if the movant's motion and affidavits set forth facts which, if true, would negate intentional or consciously indifferent conduct. *See Strackbein,* 671 S.W.2d at 38–39 (Tex.1984). The uncontroverted allegation that Averitt's father received the notice which was not given to Averitt until after the hearing, negates any intentionally or consciously indifferent conduct on Averitt's part. Having met the requirements of *Craddock,* we hold that the trial court abused its discretion in failing to grant the motion for new trial.

Accordingly, we set aside the default judgment and remand this case for further proceedings consistent with this opinion, specifically including a rehearing of the motion to compel.

KINKEADE, J., files a dissenting opinion.

KINKEADE, Justice, dissenting.

I respectfully dissent.

A party against whom a default judgment has been rendered must show that his failure to appear was not intentional or the result of conscious indifference but was the result of a mistake or an accident. *Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex.1987). A trial court's ruling on a motion for new trial will not be disturbed on appeal absent a showing of an abuse of discretion. *Id.* at 778.

On a motion for new trial, the trial court must accept as true the affidavits of the movant, *unless* its opponent requests an evidentiary hearing. *Healy v. Wick Bldg. Systems, Inc.,* 560 S.W.2d 713, 721 (Tex. Civ.App.—Dallas 1977, writ ref'd n.r.e.). Even when an affidavit is taken as true, the affidavit may permit conflicting inferences. *See Dallas Heating Co. v. Pardee,*

---

1. Averitt alleged these same facts by verified denial in his answer and by a plea in abatement. Averitt failed to appear at the hearing on the plea in abatement which was then denied by the

court. Under the facts, the court's denial of the plea in abatement is not controlling on the merits of whether Averitt has alleged a meritorious defense in his motion for new trial.

561 S.W.2d 16, 20 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.).

Because Bruton did not request an evidentiary hearing on Averitt's motion for new trial, the trial court was bound to accept Averitt's verified motion as true.

Averitt's motion states:

[Averitt] received no notice of the hearing on the Motion to Compel until after that hearing had already occurred,.... The letter from [Bruton's] counsel notifying [Averitt] of the hearing on [Bruton's] Motion to Compel was mistakenly delivered to [Averitt's] father, Don V. Averitt and was not forwarded to [Averitt] until after that hearing.

Taking every factual allegation Averitt propounds as true, I would hold that Averitt's motion contains conflicting inferences. Because conflicting inferences are present, I would further hold that the trial court did not abuse its discretion by determining that despite the verified motion, Averitt had failed to show that his failure to appear was not intentional or the result of conscious indifference.

The record shows that from the start of Bruton's suit, Averitt was difficult to locate. After repeated failures to serve citation on Averitt, the trial court signed an order for substituted service on December 1, 1986. The method of substituted service was to leave a true copy of the citation with a copy of the petition secured to the front door of Averitt's usual place of business: 6336 Greenville Avenue, Dallas, Texas. This method worked; Averitt filed an answer on December 24, 1986.

Bruton sent its first set of interrogatories to Averitt to the Greenville address on June 16, 1987. On June 23, 1987, one week later, apparently in anticipation of difficulties, Bruton sent a motion to compel answers to written interrogatories to the Greenville address. Averitt failed to serve answers to Bruton's interrogatories within thirty days after service of the interrogatories, as required by rule 168(4) of the Texas Rules of Civil Procedure. Averitt also failed to file a motion to enlarge the time to serve answers. TEX.R.CIV.P. 168(4). On July 23, 1987, the trial court set the hearing on Bruton's motion to compel for August 14, 1987.

Through an attorney, on August 13, 1987, one day before the hearing on Bruton's motion to compel, Averitt filed a plea in abatement. On September 2, 1987, Averitt's attorney sent a certified letter to Averitt to the Greenville address; the letter stated that Averitt's attorney would be withdrawing as counsel and that a hearing on the plea in abatement was set for September 11, 1987. On September 3, 1987, Averitt's attorney filed a motion to withdraw as counsel. On September 8, 1987, the trial court reset the hearing on the plea in abatement for September 25, 1987. On September 17, 1987, the trial court signed an order granting the motion of Averitt's counsel to withdraw. On September 21, 1987, the trial court again reset the hearing on the plea in abatement, this time for October 16, 1987.

The trial court overruled Averitt's plea in abatement on October 16, 1987. In Averitt's motion for new trial, he admits not being present for this hearing, but he alleges that this was a result of an accident or mistake and was not intentional or the result of conscious indifference. At the October 16, 1987, hearing, the trial court reset Bruton's motion to compel to November 6, 1987.

Averitt did not appear at the November 6, 1987, hearing. Averitt contends that his failure to appear was because "[t]he letter from [Bruton's] counsel notifying [him] of the hearing on [Bruton's] Motion to Compel was mistakenly delivered to [his] father, Don V. Averitt and was not forwarded to [him] until after that hearing." Averitt hired his present attorneys on November 11, 1987.

Averitt's motion for new trial was filed December 3, 1987. Averitt signed the answer to Bruton's written interrogatories on December 17, 1987, and a copy of the answers was sent to Bruton's attorneys on January 6, 1988, nearly six months after the interrogatories were sent to Averitt. Interrogatory one provides: "State the complete name and the business and residential addresses and telephone numbers

of the persons answering these interrogatories." Averitt's answer was: "Don R. Averitt, 6336 Greenville Ave., Dallas Texas 75206, 214/369–1786."

The hearing on Averitt's motion for new trial was apparently heard on January 8, 1988. The trial court signed the order denying Averitt's motion for new trial on January 29, 1988.

Bruton states that the notice was sent by certified mail to Averitt's Greenville address. Averitt does not deny that the notice was sent by certified mail or that the letter was received at the Greenville address.

The record shows that Averitt was aware that Bruton had sued him; Averitt filed an answer and signed the August 13, 1987, plea in abatement. The record shows that Averitt could be reached at the Greenville address; the service of citation was sent there, and Averitt's own attorney sent his correspondence to the Greenville address. Averitt's answers to interrogatories, which were answered *before* the judge denied Averitt's motion for new trial, listed the Greenville address as his proper address.

From August 12, 1987, when Averitt signed the August 13, 1987, plea in abatement, until November 11, 1987, approximately three months later, when Averitt hired new counsel, Averitt appears to have disappeared. Averitt did not protest the withdrawal of counsel in September. Averitt did not attend the hearing on his plea in abatement in October. Averitt did not appear at the hearing on the motion to compel in November. Only after a default judgment was entered did Averitt resurface. It is this three-month absence that suggests to me that Averitt was consciously indifferent to Bruton's suit. Once the default judgment was entered, thereby forcing Averitt to respond, Averitt apparently had no difficulty receiving notice, because he hired new counsel within a week.

Averitt states that the notice was "mistakenly delivered to [his] father." I accept as true that Averitt's father received the notice at the Greenville address. "[M]istakenly" is a conclusion, not a factual allegation; therefore, I do not have to accept that as true. *See Ivy v. Carrell*, 407 S.W.2d 212, 215 (Tex.1966). The record suggests that even if Averitt personally could not be reached at the Greenville address, someone was there to receive his mail. Accordingly, it is reasonable to infer that Averitt's father was at the Greenville address in order to collect Averitt's mail. It is also reasonable to infer that Averitt's father was his agent. *Dallas Heating Co.*, 561 S.W.2d at 20.

Averitt states that his father failed to forward the notice to him until it was too late. This excuse is far too feeble, open-ended, and contrived for me to accept. Averitt does not state in his motion for new trial that he gave his father instructions to forward his mail. Given the circumstances, it is entirely possible Averitt gave his father instructions *not* to forward his mail. Another difficulty I have with Averitt's allegations is that they are conspicuously silent on what efforts, if any, Averitt made to pick up his mail at the Greenville address. Averitt's three-month silence suggests strongly to me that Averitt made no efforts to pick up his mail; the three-month silence suggests that Averitt was perhaps purposefully dodging the reception of certain mail.

Ultimately, Averitt had to show the trial court that his failure to appear at the hearing was not intentional or the result of conscious indifference. Taking every factual allegation in Averitt's motion as true, the trial court still had an abundant amount of information in the record to justify and substantiate his implied conclusion that Averitt's failure to appear was intentional or the result of conscious indifference. *See Dallas Heating Co.*, 561 S.W.2d at 20 (trial court fact findings would perhaps be authorized where the facts alleged in a motion for new trial would permit conflicting inferences). I perceive no abuse in discretion, *Cliff*, 724 S.W.2d at 778; accordingly, I would affirm the judgment of the trial court.