TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN





ON MOTION FOR REHEARING







NO. 03-05-00412-CV






Katin Corp., Appellant


v.


Bea Loesch, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT

NO. GN400773, HONORABLE DARLENE BYRNE, JUDGE PRESIDING







M E M O R A N D U M O P I N I O N



 Katin Corp. has filed a motion for rehearing. We withdraw our opinion and judgment
dated August 24, 2006, and substitute this opinion. We deny Katin's motion for rehearing. 

 Bea Loesch sued Katin Corp. for negligence in a premises liability claim. Katin did
not answer, and a default judgment was entered awarding Loesch $100,000 in damages. Katin filed
a motion for new trial, which the trial court denied. Katin appeals, contending that the court abused
its discretion in denying Katin's motion for new trial. We affirm the default judgment.


FACTS

 Loesch brought a premises liability claim against Katin for personal injuries arising
from her employment at a restaurant allegedly owned by Katin. She claimed that while in the course
and scope of her employment, she injured her knee, requiring knee surgery. She also claimed that,
other than her initial appointment, Katin did not pay for her medical treatment and terminated her
employment because she could no longer work as a waitress. Loesch alleged that the wrongful acts
and omissions of Katin and its agents caused her to suffer lost wages, impaired earning capacity, and
past and future physical pain and suffering, mental anguish, reasonable and necessary medical
expenses, physical impairment, and physical disfigurement. She sought actual damages, interest,
costs of court, and mental anguish damages.

 Loesch attempted to serve citation on Katin's registered agent, Martin P. Adler, three
times in three different ways. First, on March 23, 2004, Loesch attempted service by certified mail;
on April 17, 2004, this certified mail was returned and marked "REFUSED," and the process server
stated in his sworn affidavit that he believed Katin was attempting to evade service. Next, on April
23, 2004, Loesch attempted to effect personal service, using a different process server. In his
affidavit, the second process server stated that he left a business card after being told Adler was not
in. When Adler failed to respond, the process server attempted service again on May 21, 2004, when
he was told that Adler was in but "would not come out to accept the process that [he] was trying to
deliver." He averred that he believed Adler was avoiding service of process. 

 Finally, on September 15, Loesch served Katin through the Texas Secretary of State
pursuant to article 2.11 of the Texas Business Corporation Act. See Tex. Bus. Corp. Act Ann. art.
2.11, § B (West Supp. 2006). Under article 2.11, if a corporation's registered agent cannot be found
with reasonable diligence, then an individual attempting service on the corporation may serve
citation with the Secretary of State. Id. Upon receipt of service, the Secretary of State forwards a
copy of the citation by registered mail, addressed to the corporation at its registered office, to be
returned within thirty days. Id. To show that a court may properly exercise jurisdiction over a
defendant who has been served through the Secretary of State, plaintiff may produce a certificate
issued by the Secretary stating that copies of the citation and petition were forwarded to the
defendant. See Whitney v. L & L Realty Corp., 500 S.W.2d 94, 96 (Tex. 1973). In accordance with
his statutory duty, the Secretary of State issued a certificate stating that a copy of the citation and
petition were forwarded to Adler on September 20, 2004. The certificate states that on September
28, 2004, the process was returned to the Secretary of State "bearing the notation Refused." 

 After Katin failed to answer, a default judgment was entered against it. Twenty-eight
days later, Katin filed a motion for new trial asserting that its failure to answer was the result of
accident and mistake, attaching Adler's affidavit, which disavowed knowledge of refusal of service:


It is not my custom, practice, or intent to avoid service of process on behalf of the
corporations for which I am the registered agent. It was not my intention to avoid
service of process in the above entitled and numbered cause. . . .


I did not receive [the second process server's] business card. . . . Had I received [his]
business card I would have contacted him as I have done on many occasions in the
past to arrange to receive the citation.


While I have no personnel [sic] knowledge as to who may have made [the statement
that I would not accept service], I can state without reservation that I did not direct
or authorize anyone to tell [the process server] that I would not come out to accept
service of process. I was not told on May 21, 2004 that [the process server] was at
my office attempting service of process. But, it is possible that I was either in a
meeting or on the telephone and had instructed my staff not to disturb or interrupt
me. 


My office . . . is located in a building which I share with an IHOP franchisee
restaurant. In the past, we have had problems with certified mail being accepted and
signed for by restaurant employees and then misplaced or mishandled and not being
passed on to the proper recipient. As a result, it has become necessary to instruct the
restaurant cashiers and wait staff not to accept certified mail on behalf of Katin Corp.
When we receive notice that there is certified mail for Katin Corp. or the other
corporations for which I am the registered agent, I go to our Post Office to sign for
and retrieve our certified mail. I did not consciously disregard or intentionally refuse
receipt of certified mail from a process server of the Texas Secretary of State. If I
had received notice that there was certified mail for Katin Corp. at the time service
was being attempted by certified mail in this case, I would have sent someone to
retrieve the mail from the Post Office. . . .



The trial court denied Katin's motion for new trial, and Katin filed its notice of appeal.


 

DISCUSSION

 On appeal, Katin argues that the trial court erred in denying its motion for new trial
and that the default judgment order should be reversed, citing to Craddock v. Sunshine Bus Lines,
Inc., 133 S.W.2d 124 (Tex. 1939). Katin asserts that any refusal of service was not intentional or
the result of conscious indifference. Katin asserts that it had no actual knowledge of the lawsuit
before the entry of the default judgment, and, therefore, that its failure to answer was not intentional
or the result of conscious indifference. See id. at 126. Katin further claims that it has a meritorious
defense because it neither employed Loesch nor owned or controlled the premises where she was
injured. See id. Finally, Katin asserts that, because it offered to reimburse Loesch's costs of
obtaining a default judgment, she would suffer no delay or prejudice by the court's granting the
motion for new trial. See id. Accordingly, Katin asserts, it has satisfied the elements of the
Craddock test and is entitled to a new trial. 

 We review a trial court's decision on a motion for new trial for an abuse of discretion.
 See Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984). The test for an abuse of discretion is not
whether we believe the facts present an appropriate case for the trial court's decision, but rather
whether the trial court's ruling was arbitrary or unreasonable. Cire v. Cummings, 134 S.W.3d 835,
838-39 (Tex. 2004). Trial courts do not have "unbridled discretion to decide cases as they might
deem proper, without reference to any guiding rule or principle." Craddock, 133 S.W.2d at 126. 
The defaulting party must prove that its failure to appear was not negligent, intentional, or the result
of conscious indifference. Ataya v. State, No. 14-05-01264-CV, 2007 Tex. App. LEXIS 895, at *10
(Tex. App.--Houston [14th Dist.] Feb. 8, 2007, pet. denied) (mem. op.); see Estate of Pollack
v. McMurrey, 858 S.W.2d 388, 391 (Tex. 1993); Ward v. Nava, 488 S.W.2d 736, 738 (Tex. 1972). 
"Conscious indifference means failing to take some action which would seem indicated to a person
of reasonable sensibilities under similar circumstances." State v. Sledge, 982 S.W.2d 911, 914
(Tex. App.--Houston [14th Dist.] 1998, no pet.); see Padrino Maritime, Inc. v. Rizo,
130 S.W.3d 243, 248 (Tex. App.--Corpus Christi 2004, no pet.). 

 After two unsuccessful attempts to serve citation, Loesch served Katin with citation
pursuant to the Business Corporation Act. (1) See Tex. Bus. Corp. Act Ann. art. 2.11. Under the Act,
if a corporation's registered agent cannot "with reasonable diligence be found at the registered office,
then the Secretary of State shall be an agent of such corporation upon whom any such process,
notice, or demand may be served." Id. art. 2.11, § B. Once process is served on the Secretary of
State, he is statutorily required to immediately forward the documents by registered mail to the
corporation at its registered office. Id. "When substituted service on a statutory agent is allowed,
the designee is not an agent for serving but for receiving process on the defendant's behalf." 
Campus Invs., Inc. v. Cullever, 144 S.W.3d 464, 466 (Tex. 2004) (emphasis added). A certificate
from the Secretary of State "conclusively establishes that process was served," that there has been
proper citation and service. Id. Katin does not attack the Secretary's certificate or argue that the
Secretary failed in his statutory duties regarding the handling of Loesch's petition upon receipt, (2) see
Tex. Bus. Corp. Act Ann. art. 2.11, §§ B, C, nor does Katin argue that Loesch did not use reasonable
diligence before turning to substituted service through the Secretary of State. See Ingram Indus., Inc.
v. U.S. Bolt Mfg., Inc., 121 S.W.3d 31, 34-35 (Tex. App.--Houston [1st Dist.] 2003, no pet.). 

 Thus, although it never received the petition, Katin was served with citation. See
Tex. Bus. Corp. Act Ann. art. 2.11, § B; Campus Invs., 144 S.W.3d at 466, BLS Limousine Serv.,
Inc. v. Buslease, Inc., 680 S.W.2d 543, 546 (Tex. App.--Dallas 1984, writ n.r.e.) ("[a]lthough the
citations were returned to the Secretary bearing the notation 'refused,' appellants were served in
accordance with the requirements" of article 2.11's predecessor). Therefore, the default judgment
will stand unless Katin can show that its failure to answer was unintentional and not the result of
conscious indifference, but due to mistake or accident; set out a meritorious defense; and show that
setting aside the default would not cause delay or otherwise injure Loesch. See Craddock,
133 S.W.2d at 126; see also Fidelity & Guar. Ins. Co. v. Drewery Constr. Co., 186 S.W.3d 571, 574-75 (Tex. 2006) (applying Craddock where registered agent received citation but failed to
forward it to party). 

 Katin asserts that it did not own the restaurant at which Loesch worked, thereby
describing a meritorious defense, and it has offered to pay Loesch's expenses, thus setting aside the
judgment arguably would not harm Loesch other than delaying her possible recovery. See Craddock,
133 S.W.2d at 126. Thus, the only question is whether Katin showed that its failure to answer was
not intentional or the result of conscious indifference, but rather due to mistake or accident. See id.
Katin asserts that because Loesch did not request an evidentiary hearing, Adler's affidavit must be
taken as true and negates any conscious indifference or intentional evasion of service. 

 If a plaintiff does not controvert the defendant's affidavit in support of its motion for
new trial, the trial court should accept all as true the affidavit's factual assertions regarding the
elements of the Craddock test. See Director, St. Employees Workers' Comp. Div. v. Evans, 889
S.W.2d 266, 269 (Tex. 1994); see also Strackbein, 671 S.W.2d at 38 ("Where factual allegations in
a movant's affidavit are not controverted, a conscious indifference question must be determined in
the same manner as a claim of meritorious defense."). Further, even if the plaintiff controverts the
defendant's affidavit, the trial court should accept as true the defendant's factual assertions about its
meritorious defense. Evans, 889 S.W.2d at 270; Ivy v. Carrell, 407 S.W.2d 212, 214 (Tex. 1966). (3) 
However, the court is not bound to accept the defendant's controverted assertions related to accident
or mistake and may decide the issue based on the evidence in the record before the court. See Walker
v. Gutierrez, 111 S.W.3d 56, 64 (Tex. 2003) ("If the factual assertions in the claimant's testimony
are not controverted by the opposing party, the claimant satisfies his or her burden if the testimony
sets forth facts that, if true, negate intentional or consciously indifferent conduct by the claimant. 
In determining if the claimant's factual assertions are controverted, we look to all the evidence in
the record." (citations omitted)); see also Evans, 889 S.W.2d at 269 ("If the factual assertions in the
defendant's affidavit are not controverted by the plaintiff, the defendant satisfies his burden if his
affidavit sets forth facts that, if true, negate intentional or consciously indifferent conduct by the
defendant. In determining if the defendant's factual assertions are controverted, the court looks to
all the evidence in the record." (citations omitted)); Ataya, 2007 Tex. App. LEXIS 895, at *11-13
(defendants argued that trial court erred in basing fact finding on affidavits, without hearing
testimony; court held that because hearing was held and parties had opportunity to present testimony,
court did not abuse its discretion by basing its ruling on affidavit evidence before it).

 To support its contention that Adler's affidavit must be taken as true, Katin cites to
Smith v. Holmes, 53 S.W.3d 815 (Tex. App.--Austin 2001, no pet.), and Averitt v. Bruton
Paint & Floor Co., 773 S.W.2d 574 (Tex. App.--Dallas 1989, no writ). Having carefully reviewed
this line of cases, we believe they are consistent with our affirmance of the trial court's judgment.

 In considering whether the defendant's motion for new trial set up a meritorious
defense, the Averitt court stated that "[o]n a motion for new trial, the trial court is bound to accept
as true the affidavits of the movant, unless the opponent requests an evidentiary hearing." 
773 S.W.2d at 576. The court noted that, with regard to the defendant's assertion of facts showing
an excuse for his failure to appear, the "uncontroverted allegation" showed that the defendant
negated intentionally or consciously indifferent conduct. Id. In Smith, this Court cited Averitt for
the proposition that the trial court must accept a movant's affidavits as true unless the opponent
requests an evidentiary hearing. 53 S.W.3d at 818. We held that although the plaintiffs showed that
notice of the trial setting was delivered to the prison where Smith was incarcerated, they "did not
introduce any other evidence to show that" notice was delivered, and Smith's uncontroverted
affidavit established that he never actually received the notice. Id.

 To support its holding that the trial court must accept a movant's affidavit as true
unless the opponent requests an evidentiary hearing, the Averitt court cited Healy v. Wick Building
Systems, Inc., 560 S.W.2d 713 (Tex. Civ. App.--Dallas 1977, writ ref'd n.r.e.), and Dallas Heating
Co. v. Pardee, 561 S.W.2d 16 (Tex. Civ. App.--Dallas 1977, writ ref'd n.r.e.). 773 S.W.2d at 576. 
In Healy, the court considered competing affidavits on the issue of conscious indifference. 
560 S.W.2d at 721 (op. on reh'g). The Healy court stated that although a trial court may not consider
contrary evidence in determining whether the defendant set up a meritorious defense, a trial court
may determine disputed fact issues with respect to conscious indifference if it hears evidence. Id. 
Because the defendants' allegations of accident or mistake were disputed by the plaintiff's affidavit
but no evidentiary hearing was requested or held, the court held that "under these circumstances,  . . .
a court cannot make findings of fact solely from the record on file without hearing evidence and . . .
is bound to accept as true the affidavits of the movant unless his opponent requests an evidentiary
hearing," citing Pardee as support. Id.

 Pardee, however, is not so broad in its statement of the law. Instead, the Pardee court
stated:


We recognize that the trial court filed numerous findings of fact in this case, and that
these findings have been relied upon to support, among other arguments, Pardee's
contention regarding Dallas Heating's conscious indifference. However, we cannot
consider these findings because the recitals in Dallas Heating's affidavit were not
controverted by Pardee. No fact issue was drawn regarding the allegations and in the
absence of disputed facts, findings of fact are unauthorized. In such a case, the
conscious indifference question must be determined in the same manner as the issue
of meritorious defense, and it is sufficient that the motion and affidavit set forth facts
which, if true, would negate intentional or consciously indifferent conduct.


561 S.W.2d at 19-20 (citations omitted); see also Cragin v. Henderson County Oil Dev. Co.,
280 S.W. 554, 555-56 (Tex. 1926) (allegations of meritorious defense taken as true, but allegations
of excuse for failure to appear may be controverted and determined by trial court). 

 Further, the supreme court has held that a trial court may determine controverted fact
issues based on all the evidence contained in the record. See Walker, 111 S.W.3d at 64; Evans,
889 S.W.2d at 269. Thus, controverted assertions related to a defendant's excuse for its default need
not be taken as true, even if the plaintiff does not request an evidentiary hearing. Only when factual
allegations of excuse are not controverted by the plaintiff may a trial court determine the issue "in
the same manner as the issue of meritorious defense." Pardee, 561 S.W.2d at 20. 

 Katin filed its motion for new trial, along with Adler's affidavit. Loesch filed a
response, including affidavits and other evidence, asserting that Katin had evaded service by refusing
the certified mail and refusing to speak to the process server when he called on Adler. The trial court
then held a hearing at which attorneys for both parties presented arguments based on the affidavits
but neither party called any witnesses. We hold that Loesch's failure to explicitly request an
evidentiary hearing did not require the trial court to take as true Katin's controverted statements of
fact regarding accident or mistake. See Ataya, 2007 Tex. App. LEXIS 895, at *12. The trial court
was entitled to consider Loesch's evidence related to Katin's factual allegations of mistake or
accident, as well as any conflicting inferences that arose from Adler's affidavit. See Averitt,
773 S.W.2d at 576-77 (Kinkeade, J., dissenting) ("Even when an affidavit is taken as true, the
affidavit may permit conflicting inferences."). 

 Adler averred that Katin had in the past had trouble receiving mail due to confusion
at the nearby restaurant, going so far as to instruct employees "not to accept certified mail" for Katin. 
Despite that history, Katin continued to use that office for its registered agent, who has a statutory
duty to accept service of process, and Adler did not describe a reliable process that was put into place
to ensure that he would receive notice of delivery attempts. He averred that he had no knowledge
of any refusal, but admitted that he might have told his staff not to disturb him and did not aver that
he investigated and learned that no one in his office refused any mail or said that he "would not come
out to accept the process." In other words, beyond stating that he did not personally tell anyone to
"refuse" service and that he did not know of the attempts to serve Katin, Adler did not explain why
certified mail addressed to Katin was twice returned as "Refused" or why one process server was
told that Adler would not accept service. Adler, as Katin's agent for service, was responsible for
what happened in his office, for what process servers were told, and for ensuring that notice of
certified mail would make its way to him. 

 Conscious indifference is the failure to act in a way that a reasonable person would
act under similar circumstances. Sledge, 982 S.W.2d at 914. A registered agent is required to
"accept service of process and otherwise perform the functions of a registered agent" during normal
business hours. Tex. Bus. Corp. Act Ann. art. 2.09(A)(2) (West Supp. 2006). Despite Adler's
disavowal of any knowledge of refusal, the Secretary of State's certificate and an affidavit by one
of the first two process servers stated that certified mail to Katin was returned "refused," the other
process server averred that Adler seemed to be "avoiding" service, and Adler acknowledged having
difficulty receiving certified mail in the past. The Secretary of State's certificate is "prima facie
evidence of the facts recited therein," G.F.S. Ventures, Inc. v. Harris, 934 S.W.2d 813, 818
(Tex. App.--Houston [1st Dist.] 1996, no writ), and thus is prima facie evidence that the United
States Postal Service returned the certified mail with a "refused" notation. This is supported by the
process server's affidavit stating that his attempt at service through certified mail was returned
"refused." Katin has not cited and we have not found any cases where a default judgment was set
aside after service has been refused, as opposed to "unclaimed" or returned for lack of a
forwarding address. 

 "Conflicting inferences" may be drawn from Adler's affidavit, and the trial court's
interpretation of the affidavit in view of Loesch's evidence is not contrary to the only permissible
view of the evidence. See In re Barber, 982 S.W.2d 364, 366 (Tex. 1998) (trial court does not abuse
its discretion if it bases its decision on conflicting evidence and some evidence supports decision,
but it does abuse its discretion if its decision is "contrary to the only permissible view of the
evidence"). We cannot hold that the trial court's resolution of the evidentiary conflicts or denial of
Katin's motion for new trial was an abuse of discretion. We overrule Katin's sole issue on appeal. 


CONCLUSION

 Having overruled Katin's sole issue on appeal, we affirm the trial court's judgment.


 __________________________________________

 David Puryear, Justice

Before Justices Puryear, Pemberton and B. A. Smith*

Affirmed on Motion for Rehearing

Filed: August 10, 2007




















* Before Bea Ann Smith, Justice (retired), Third Court of Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The record shows that Loesch strictly complied with the rules governing service of
process. See Tex. R. Civ. P. 16 (processor must endorse citation, describe manner of service, and
give time and place served), 99 (requirements of citation), 105 (person receiving process must
endorse and give time of receipt), 106(a)(2) (allowing service by registered or certified mail), 107
(governing return of service); see also G.F.S. Ventures, Inc. v. Harris, 934 S.W.2d 813, 816
(Tex. App.--Houston [1st Dist.] 1996, no writ) (strict compliance must appear on face of record). 
2. Katin notes that the Secretary of State's certificate did not attach a copy of the returned
envelope or certified mail card. However, "[c]ertificates issued by the Secretary of State are received
in all courts as prima facie evidence of the facts recited therein." G.F.S. Ventures, 934 S.W.2d at
817. Katin did not present evidence rebutting that the delivery attempt was returned with a "refused"
notation.
3. Director, St. Employees Workers' Comp. Div. v. Evans, 889 S.W.2d 266, 270 (Tex. 1994)
(whether defendant set up meritorious defense is determined by facts alleged in defendant's motion
and affidavits, "regardless of whether those facts are controverted"); Ivy v. Carrell, 407 S.W.2d 212,
214 (Tex. 1966) (if defendant alleges facts that would constitute defense to plaintiff's claims and
supports allegation with affidavit or other evidence, "it is improper to try the defensive issues made
by the motion or the pleadings" and trial court should not consider any controverting affidavits or
testimony offered by plaintiff); see Strackbein v. Prewitt, 671 S.W.2d 37, 38-39 (Tex. 1984) (if
movant's affidavit is not controverted, conscious indifference is determined "in the same manner as
a claim of meritorious defense," meaning "[i]t is sufficient that the movant's motion and affidavits
set forth facts which, if true, would negate intentional or consciously indifferent conduct").