# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===========================

## ON MOTION FOR REHEARING

===========================

### NO. 03-05-00412-CV

**Katin Corp., Appellant**

**v.**

**Bea Loesch, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. GN400773, HONORABLE DARLENE BYRNE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Katin Corp. has filed a motion for rehearing. We withdraw our opinion and judgment dated August 24, 2006, and substitute this opinion. We deny Katin's motion for rehearing.

Bea Loesch sued Katin Corp. for negligence in a premises liability claim. Katin did not answer, and a default judgment was entered awarding Loesch $100,000 in damages. Katin filed a motion for new trial, which the trial court denied. Katin appeals, contending that the court abused its discretion in denying Katin's motion for new trial. We affirm the default judgment.

### FACTS

Loesch brought a premises liability claim against Katin for personal injuries arising from her employment at a restaurant allegedly owned by Katin. She claimed that while in the course

and scope of her employment, she injured her knee, requiring knee surgery. She also claimed that, other than her initial appointment, Katin did not pay for her medical treatment and terminated her employment because she could no longer work as a waitress. Loesch alleged that the wrongful acts and omissions of Katin and its agents caused her to suffer lost wages, impaired earning capacity, and past and future physical pain and suffering, mental anguish, reasonable and necessary medical expenses, physical impairment, and physical disfigurement. She sought actual damages, interest, costs of court, and mental anguish damages.

Loesch attempted to serve citation on Katin's registered agent, Martin P. Adler, three times in three different ways. First, on March 23, 2004, Loesch attempted service by certified mail; on April 17, 2004, this certified mail was returned and marked "REFUSED," and the process server stated in his sworn affidavit that he believed Katin was attempting to evade service. Next, on April 23, 2004, Loesch attempted to effect personal service, using a different process server. In his affidavit, the second process server stated that he left a business card after being told Adler was not in. When Adler failed to respond, the process server attempted service again on May 21, 2004, when he was told that Adler was in but "would not come out to accept the process that [he] was trying to deliver." He averred that he believed Adler was avoiding service of process.

Finally, on September 15, Loesch served Katin through the Texas Secretary of State pursuant to article 2.11 of the Texas Business Corporation Act. *See* Tex. Bus. Corp. Act Ann. art. 2.11, § B (West Supp. 2006). Under article 2.11, if a corporation's registered agent cannot be found with reasonable diligence, then an individual attempting service on the corporation may serve citation with the Secretary of State. *Id.* Upon receipt of service, the Secretary of State forwards a

2

copy of the citation by registered mail, addressed to the corporation at its registered office, to be returned within thirty days. *Id.* To show that a court may properly exercise jurisdiction over a defendant who has been served through the Secretary of State, plaintiff may produce a certificate issued by the Secretary stating that copies of the citation and petition were forwarded to the defendant. *See Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex. 1973). In accordance with his statutory duty, the Secretary of State issued a certificate stating that a copy of the citation and petition were forwarded to Adler on September 20, 2004. The certificate states that on September 28, 2004, the process was returned to the Secretary of State "bearing the notation Refused."

After Katin failed to answer, a default judgment was entered against it. Twenty-eight days later, Katin filed a motion for new trial asserting that its failure to answer was the result of accident and mistake, attaching Adler's affidavit, which disavowed knowledge of refusal of service:

> It is not my custom, practice, or intent to avoid service of process on behalf of the corporations for which I am the registered agent. It was not my intention to avoid service of process in the above entitled and numbered cause. . . .
>
> I did not receive [the second process server's] business card. . . . Had I received [his] business card I would have contacted him as I have done on many occasions in the past to arrange to receive the citation.
>
> While I have no personnel [sic] knowledge as to who may have made [the statement that I would not accept service], I can state without reservation that I did not direct or authorize anyone to tell [the process server] that I would not come out to accept service of process. I was not told on May 21, 2004 that [the process server] was at my office attempting service of process. But, it is possible that I was either in a meeting or on the telephone and had instructed my staff not to disturb or interrupt me.
>
> My office . . . is located in a building which I share with an IHOP franchisee restaurant. In the past, we have had problems with certified mail being accepted and signed for by restaurant employees and then misplaced or mishandled and not being passed on to the proper recipient. As a result, it has become necessary to instruct the

3

restaurant cashiers and wait staff not to accept certified mail on behalf of Katin Corp. When we receive notice that there is certified mail for Katin Corp. or the other corporations for which I am the registered agent, I go to our Post Office to sign for and retrieve our certified mail. I did not consciously disregard or intentionally refuse receipt of certified mail from a process server of the Texas Secretary of State. If I had received notice that there was certified mail for Katin Corp. at the time service was being attempted by certified mail in this case, I would have sent someone to retrieve the mail from the Post Office. . . .

The trial court denied Katin's motion for new trial, and Katin filed its notice of appeal.

## DISCUSSION

On appeal, Katin argues that the trial court erred in denying its motion for new trial and that the default judgment order should be reversed, citing to *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). Katin asserts that any refusal of service was not intentional or the result of conscious indifference. Katin asserts that it had no actual knowledge of the lawsuit before the entry of the default judgment, and, therefore, that its failure to answer was not intentional or the result of conscious indifference. *See id.* at 126. Katin further claims that it has a meritorious defense because it neither employed Loesch nor owned or controlled the premises where she was injured. *See id.* Finally, Katin asserts that, because it offered to reimburse Loesch's costs of obtaining a default judgment, she would suffer no delay or prejudice by the court's granting the motion for new trial. *See id.* Accordingly, Katin asserts, it has satisfied the elements of the *Craddock* test and is entitled to a new trial.

We review a trial court's decision on a motion for new trial for an abuse of discretion. *See Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). The test for an abuse of discretion is not whether we believe the facts present an appropriate case for the trial court's decision, but rather

4

whether the trial court's ruling was arbitrary or unreasonable. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004). Trial courts do not have "unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle." *Craddock*, 133 S.W.2d at 126. The defaulting party must prove that its failure to appear was not negligent, intentional, or the result of conscious indifference. *Ataya v. State*, No. 14-05-01264-CV, 2007 Tex. App. LEXIS 895, at *10 (Tex. App.—Houston [14th Dist.] Feb. 8, 2007, pet. denied) (mem. op.); *see Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 391 (Tex. 1993); *Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1972). "Conscious indifference means failing to take some action which would seem indicated to a person of reasonable sensibilities under similar circumstances." *State v. Sledge*, 982 S.W.2d 911, 914 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *see Padrino Maritime, Inc. v. Rizo*, 130 S.W.3d 243, 248 (Tex. App.—Corpus Christi 2004, no pet.).

After two unsuccessful attempts to serve citation, Loesch served Katin with citation pursuant to the Business Corporation Act.[1] *See* Tex. Bus. Corp. Act Ann. art. 2.11. Under the Act, if a corporation's registered agent cannot "with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served." *Id*. art. 2.11, § B. Once process is served on the Secretary of State, he is statutorily required to immediately forward the documents by registered mail to the

---

[1] The record shows that Loesch strictly complied with the rules governing service of process. *See* Tex. R. Civ. P. 16 (processor must endorse citation, describe manner of service, and give time and place served), 99 (requirements of citation), 105 (person receiving process must endorse and give time of receipt), 106(a)(2) (allowing service by registered or certified mail), 107 (governing return of service); *see also G.F.S. Ventures*, *Inc. v. Harris*, 934 S.W.2d 813, 816 (Tex. App.—Houston [1st Dist.] 1996, no writ) (strict compliance must appear on face of record).

5

corporation at its registered office. *Id*. "When substituted service on a statutory agent is allowed, the designee is not an agent for serving but for *receiving process on the defendant's behalf*." *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (emphasis added). A certificate from the Secretary of State "*conclusively* establishes that process was served," that there has been proper citation and service. *Id*. Katin does not attack the Secretary's certificate or argue that the Secretary failed in his statutory duties regarding the handling of Loesch's petition upon receipt,[2] *see* Tex. Bus. Corp. Act Ann. art. 2.11, §§ B, C, nor does Katin argue that Loesch did not use reasonable diligence before turning to substituted service through the Secretary of State. *See Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W.3d 31, 34-35 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

Thus, although it never received the petition, Katin was served with citation. *See* Tex. Bus. Corp. Act Ann. art. 2.11, § B; *Campus Invs.*, 144 S.W.3d at 466, *BLS Limousine Serv., Inc. v. Buslease, Inc.*, 680 S.W.2d 543, 546 (Tex. App.—Dallas 1984, writ n.r.e.) ("[a]lthough the citations were returned to the Secretary bearing the notation 'refused,' appellants were served in accordance with the requirements" of article 2.11's predecessor). Therefore, the default judgment will stand unless Katin can show that its failure to answer was unintentional and not the result of conscious indifference, but due to mistake or accident; set out a meritorious defense; and show that setting aside the default would not cause delay or otherwise injure Loesch. *See Craddock*, 133 S.W.2d at 126; *see also Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 574-

---

[2] Katin notes that the Secretary of State's certificate did not attach a copy of the returned envelope or certified mail card. However, "[c]ertificates issued by the Secretary of State are received in all courts as prima facie evidence of the facts recited therein." *G.F.S. Ventures*, 934 S.W.2d at 817. Katin did not present evidence rebutting that the delivery attempt was returned with a "refused" notation.

75 (Tex. 2006) (applying *Craddock* where registered agent received citation but failed to forward it to party).

Katin asserts that it did not own the restaurant at which Loesch worked, thereby describing a meritorious defense, and it has offered to pay Loesch's expenses, thus setting aside the judgment arguably would not harm Loesch other than delaying her possible recovery. *See Craddock*, 133 S.W.2d at 126. Thus, the only question is whether Katin showed that its failure to answer was not intentional or the result of conscious indifference, but rather due to mistake or accident. *See id*. Katin asserts that because Loesch did not request an evidentiary hearing, Adler's affidavit must be taken as true and negates any conscious indifference or intentional evasion of service.

If a plaintiff does not controvert the defendant's affidavit in support of its motion for new trial, the trial court should accept all as true the affidavit's factual assertions regarding the elements of the *Craddock* test. *See Director, St. Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994); *see also Strackbein*, 671 S.W.2d at 38 ("Where factual allegations in a movant's affidavit are not controverted, a conscious indifference question must be determined in the same manner as a claim of meritorious defense."). Further, even if the plaintiff controverts the defendant's affidavit, the trial court should accept as true the defendant's factual assertions about its meritorious defense. *Evans*, 889 S.W.2d at 270; *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966).[3]

---

[3] *Director, St. Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 270 (Tex. 1994) (whether defendant set up meritorious defense is determined by facts alleged in defendant's motion and affidavits, "regardless of whether those facts are controverted"); *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966) (if defendant alleges facts that would constitute defense to plaintiff's claims and supports allegation with affidavit or other evidence, "it is improper to try the defensive issues made by the motion or the pleadings" and trial court should not consider any controverting affidavits or testimony offered by plaintiff); *see Strackbein v. Prewitt*, 671 S.W.2d 37, 38-39 (Tex. 1984) (if movant's affidavit is not controverted, conscious indifference is determined "in the same manner as a claim of meritorious defense," meaning "[i]t is sufficient that the movant's motion and affidavits set forth facts which, if true, would negate intentional or consciously indifferent conduct").

However, the court is *not* bound to accept the defendant's *controverted* assertions related to accident or mistake and may decide the issue based on the evidence in the record before the court. *See Walker v. Gutierrez*, 111 S.W.3d 56, 64 (Tex. 2003) ("If the factual assertions in the claimant's testimony are not controverted by the opposing party, the claimant satisfies his or her burden if the testimony sets forth facts that, if true, negate intentional or consciously indifferent conduct by the claimant. In determining if the claimant's factual assertions are controverted, we look to all the evidence in the record." (citations omitted)); *see also Evans*, 889 S.W.2d at 269 ("If the factual assertions in the defendant's affidavit are not controverted by the plaintiff, the defendant satisfies his burden if his affidavit sets forth facts that, if true, negate intentional or consciously indifferent conduct by the defendant. In determining if the defendant's factual assertions are controverted, the court looks to all the evidence in the record." (citations omitted)); *Ataya*, 2007 Tex. App. LEXIS 895, at *11-13 (defendants argued that trial court erred in basing fact finding on affidavits, without hearing testimony; court held that because hearing was held and parties had opportunity to present testimony, court did not abuse its discretion by basing its ruling on affidavit evidence before it).

To support its contention that Adler's affidavit must be taken as true, Katin cites to *Smith v. Holmes*, 53 S.W.3d 815 (Tex. App.—Austin 2001, no pet.), and *Averitt v. Bruton Paint & Floor Co.*, 773 S.W.2d 574 (Tex. App.—Dallas 1989, no writ). Having carefully reviewed this line of cases, we believe they are consistent with our affirmance of the trial court's judgment.

In considering whether the defendant's motion for new trial set up a meritorious defense, the *Averitt* court stated that "[o]n a motion for new trial, the trial court is bound to accept as true the affidavits of the movant, unless the opponent requests an evidentiary hearing." 773 S.W.2d at 576. The court noted that, with regard to the defendant's assertion of facts showing an excuse for his failure to appear, the "uncontroverted allegation" showed that the defendant

8

negated intentionally or consciously indifferent conduct. *Id*. In *Smith*, this Court cited *Averitt* for the proposition that the trial court must accept a movant's affidavits as true unless the opponent requests an evidentiary hearing. 53 S.W.3d at 818. We held that although the plaintiffs showed that notice of the trial setting was delivered to the prison where Smith was incarcerated, they "did not introduce any other evidence to show that" notice was delivered, and Smith's uncontroverted affidavit established that he never actually received the notice. *Id*.

To support its holding that the trial court must accept a movant's affidavit as true unless the opponent requests an evidentiary hearing, the *Averitt* court cited *Healy v. Wick Building Systems, Inc.*, 560 S.W.2d 713 (Tex. Civ. App.—Dallas 1977, writ ref'd n.r.e.), and *Dallas Heating Co. v. Pardee*, 561 S.W.2d 16 (Tex. Civ. App.—Dallas 1977, writ ref'd n.r.e.). 773 S.W.2d at 576. In *Healy*, the court considered competing affidavits on the issue of conscious indifference. 560 S.W.2d at 721 (op. on reh'g). The *Healy* court stated that although a trial court may not consider contrary evidence in determining whether the defendant set up a meritorious defense, a trial court may determine disputed fact issues with respect to conscious indifference if it hears evidence. *Id*. Because the defendants' allegations of accident or mistake were disputed by the plaintiff's affidavit but no evidentiary hearing was requested or held, the court held that "under these circumstances, . . . a court cannot make findings of fact solely from the record on file without hearing evidence and . . . is bound to accept as true the affidavits of the movant unless his opponent requests an evidentiary hearing," citing *Pardee* as support. *Id*.

*Pardee*, however, is not so broad in its statement of the law. Instead, the *Pardee* court stated:

9

We recognize that the trial court filed numerous findings of fact in this case, and that these findings have been relied upon to support, among other arguments, Pardee's contention regarding Dallas Heating's conscious indifference. However, we cannot consider these findings because the recitals in Dallas Heating's affidavit were not controverted by Pardee. No fact issue was drawn regarding the allegations and in the absence of disputed facts, findings of fact are unauthorized. In such a case, the conscious indifference question must be determined in the same manner as the issue of meritorious defense, and it is sufficient that the motion and affidavit set forth facts which, if true, would negate intentional or consciously indifferent conduct.

561 S.W.2d at 19-20 (citations omitted); *see also Cragin v. Henderson County Oil Dev. Co.*, 280 S.W. 554, 555-56 (Tex. 1926) (allegations of meritorious defense taken as true, but allegations of excuse for failure to appear may be controverted and determined by trial court).

Further, the supreme court has held that a trial court may determine controverted fact issues based on all the evidence contained in the record. *See Walker*, 111 S.W.3d at 64; *Evans*, 889 S.W.2d at 269. Thus, controverted assertions related to a defendant's excuse for its default need not be taken as true, even if the plaintiff does not request an evidentiary hearing. Only when factual allegations of excuse are not controverted by the plaintiff may a trial court determine the issue "in the same manner as the issue of meritorious defense." *Pardee*, 561 S.W.2d at 20.

Katin filed its motion for new trial, along with Adler's affidavit. Loesch filed a response, including affidavits and other evidence, asserting that Katin had evaded service by refusing the certified mail and refusing to speak to the process server when he called on Adler. The trial court then held a hearing at which attorneys for both parties presented arguments based on the affidavits but neither party called any witnesses. We hold that Loesch's failure to explicitly request an evidentiary hearing did not require the trial court to take as true Katin's controverted statements of fact regarding accident or mistake. *See Ataya*, 2007 Tex. App. LEXIS 895, at *12. The trial court

10

was entitled to consider Loesch's evidence related to Katin's factual allegations of mistake or accident, as well as any conflicting inferences that arose from Adler's affidavit. *See Averitt*, 773 S.W.2d at 576-77 (Kinkeade, J., dissenting) ("Even when an affidavit is taken as true, the affidavit may permit conflicting inferences.").

Adler averred that Katin had in the past had trouble receiving mail due to confusion at the nearby restaurant, going so far as to instruct employees "not to accept certified mail" for Katin. Despite that history, Katin continued to use that office for its registered agent, who has a statutory duty to accept service of process, and Adler did not describe a reliable process that was put into place to ensure that he would receive notice of delivery attempts. He averred that he had no knowledge of any refusal, but admitted that he *might* have told his staff not to disturb him and did not aver that he investigated and learned that no one in his office refused any mail or said that he "would not come out to accept the process." In other words, beyond stating that he did not personally tell anyone to "refuse" service and that he did not know of the attempts to serve Katin, Adler did not explain why certified mail addressed to Katin was twice returned as "Refused" or why one process server was told that Adler would not accept service. Adler, as Katin's agent for service, was responsible for what happened in his office, for what process servers were told, and for ensuring that notice of certified mail would make its way to him.

Conscious indifference is the failure to act in a way that a reasonable person would act under similar circumstances. *Sledge*, 982 S.W.2d at 914. A registered agent is required to "accept service of process and otherwise perform the functions of a registered agent" during normal

11

business hours. Tex. Bus. Corp. Act Ann. art. 2.09(A)(2) (West Supp. 2006). Despite Adler's disavowal of any knowledge of refusal, the Secretary of State's certificate and an affidavit by one of the first two process servers stated that certified mail to Katin was returned "refused," the other process server averred that Adler seemed to be "avoiding" service, and Adler acknowledged having difficulty receiving certified mail in the past. The Secretary of State's certificate is "prima facie evidence of the facts recited therein," *G.F.S. Ventures, Inc. v. Harris*, 934 S.W.2d 813, 818 (Tex. App.—Houston [1st Dist.] 1996, no writ), and thus is prima facie evidence that the United States Postal Service returned the certified mail with a "refused" notation. This is supported by the process server's affidavit stating that his attempt at service through certified mail was returned "refused." Katin has not cited and we have not found any cases where a default judgment was set aside after service has been refused, as opposed to "unclaimed" or returned for lack of a forwarding address.

"Conflicting inferences" may be drawn from Adler's affidavit, and the trial court's interpretation of the affidavit in view of Loesch's evidence is not contrary to the only permissible view of the evidence. *See In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports decision, but it does abuse its discretion if its decision is "contrary to the only permissible view of the evidence"). We cannot hold that the trial court's resolution of the evidentiary conflicts or denial of Katin's motion for new trial was an abuse of discretion. We overrule Katin's sole issue on appeal.

12

## CONCLUSION

Having overruled Katin's sole issue on appeal, we affirm the trial court's judgment.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and B. A. Smith*

Affirmed on Motion for Rehearing

Filed:  August 10, 2007

* Before Bea Ann Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).