ACCEPTED
03-16-00736-CV
14538393
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/3/2017 3:54:44 PM
JEFFREY D. KYLE
CLERK

No. 03-16-00736-CV

IN THE COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/3/2017 3:54:44 PM
JEFFREY D. KYLE
Clerk

ELIZABETH HUBBELL,

Appellant,

v.

MYSTIC SHORES PROPERTY OWNERS ASSOCIATION,

Appellee.

On Appeal from the 433rd District
Court of Comal County, Texas
Trial Court Cause No. C2010-1667D

REPLY BRIEF OF APPELLANT

J. Patrick Sutton
SBOT 24058143
1706 W. 10th Street
Austin Texas 78703
Tel. (512) 417-5903
Fax. (512) 355-4155
*jpatricksutton@jpatricksuttonlaw.com*

Counsel for Appellant

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES ............................................................................... ii

   I. THE HOA CANNOT SUBMIT EVIDENCE ON APPEAL ................1

   II. THE SOLE AFFIDAVIT IN THE RECORD IS DISPOSITIVE .......3

CERTIFICATE OF SERVICE ...........................................................................6

CERTIFICATE OF COMPLIANCE ....................................................................6

**INDEX OF AUTHORITIES**

**CASES**

*Averitt v. Bruton Paint & Floor Co.*, 773 S.W.2d 574 (Tex. App. -

   Dallas 1989, no writ) ......................................................................3

*E.T. v. Texas Dep't of Family & Protective Servs.*, No. 03-15-

   00274-CV, 2015 WL 5781248 (Tex. App. - Austin 2015, no pet.) ..3

*Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80 (Tex. 1992) .......3

*Strackbein v. Prewitt*, 671 S.W.2d 37 (Tex. 1984) ..............................4

# I. THE HOA CANNOT SUBMIT EVIDENCE ON APPEAL

The HOA makes allegations in its appeal brief that it neglected to support with any evidence at the trial court hearing on Hubbell's motions. The HOA even recites the allegations of the lawsuit as though they were proven, Brief of Appellee at 8-11. Dislodging the default wherein those allegations were deemed proven is the function of this appeal; they cannot be assumed true.

The HOA's brief makes other unsubstantiated allegations besides:

- "While the suit was pending, the Association worked with Hubbell and Stevenson to resolve the issues, *ultimately without success*." Brief of Appellee at 5 (emphasis added).

- "The Association amended its lawsuit in 2012 due to the Defendants enclosing their garage *without Architectural Control Committee approval in violation of the restrictive covenants governing the subdivision*." Brief of Appellee at 11 (emphasis added).

- "The Association continued communications and settlement negotiations with Hubbell after the amended petition was filed." Brief of Appellee at 11.

- "The Association filed an expedited foreclosure proceeding against Hubbell and Stevenson *based on their failure to pay specific assessments owed by them due to their failure to comply with the restrictive covenants*." Brief of Appellee at 12 (emphasis added).

- "Hubbell clearly understood the need to file an answer in the foreclosure action, but intentionally and consciously indifferently chose not to file an answer in the current lawsuit." Brief of Appellee at 16.

- "The restrictive covenants that govern the subdivision require a homeowner to obtain Architectural Control Committee (hereinafter" ACC") approval before commencing any construction of or alterations to improvements on a lot." Brief of Appellee at 17.

- "The subdivision has been suffering irreparable harm during this timeframe because of Hubbell's breach of the restrictive covenants." Brief of Appellee at 18.

The Court cannot accord any weight to factual assertions offered for the first time in a brief on appeal, nor accept any legal conclusions that would flow therefrom. These are the matters that Hubbell seeks to contest on the merits at a new trial, not matters for introduction at appeal of the denial of a motion for new trial. Suffice it to say, for the narrow purposes of this appeal, that Hubbell intends to rebut the HOA's factual assertions if she is granted a new trial.

As Hubbell showed in her opening brief, the only evidence in the record is Hubbell's own affidavit testifying to the *Craddock* factors. The only issue on appeal is whether her evidence satisfies *Craddock*, not whether the HOA's underlying claims are meritorious. The HOA never attempted to submit controverting

evidence on the motion for new trial and cannot do so at this late date.

## II. THE SOLE AFFIDAVIT IN THE RECORD IS DISPOSITIVE

If an affidavit supporting a motion for new trial is uncontroverted, it must be taken as true. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 82 (Tex. 1992)*; see also Averitt v. Bruton Paint & Floor Co.,* 773 S.W.2d 574, 576 (Tex. App. - Dallas 1989, no writ). A trial court abuses its discretion by not granting a new trial when all three elements of the Craddock test are met. *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992). If, however, a movant's affidavit is merely a conclusory recitation of the *Craddock* factors, that would not constitute proof. *See E.T. v. Texas Dep't of Family & Protective Servs.*, No. 03-15-00274-CV, 2015 WL 5781248, at *5 (Tex. App. - Austin 2015, no pet.).

The HOA contends that Hubbell's affidavit is "inadequate," but it pointedly does not contend that it is merely conclusory. To the contrary, the HOA relies on facts established by her affidavit. Brief of Appellee at 5 (This case has been pending for more than six years while the Association and Hubbell engaged in settlement

negotiations); 11 ("The Association continued communications and settlement negotiations with Hubbell . . . .); CR98-99 (Hubbell affid. ¶¶ 5-7) (to the same effect). The HOA suggests that the trial court should have *weighed* that affidavit evidence. There was nothing to weigh the affidavit against. The only evidence before the trial court was Hubbell's, so the only issue is whether her affidavit is merely conclusory in testifying to the *Craddock* factors. If not, it is dispositive by virtue of not being controverted. *See Strackbein v. Prewitt*, 671 S.W.2d 37, 38-39 (Tex. 1984) (uncontroverted affidavits were not conclusory and therefore were dispositive on *Craddock* factors).

Hubbell's affidavit (CR100) is patently not conclusory for the reasons set out in her opening brief (Brief of Appellant at 7-10) and it is also consistent with the other evidence in the record showing the years of HOA delay (Brief of Appellant at 1). She offers a real and detailed explanation why she did not file an answer. Whether it is an exhaustive, model answer is not the question before the Court. In addition, the timeline that both her testimony and the undisputed record show demonstrates years of

4

HOA dithering and neglect of its own case. Brief of Appellant at 1-3. The HOA has never offered evidence explaining those years of delay. Nor has the HOA offered even token proof that it suffered harm – its appeal brief makes the very sort of conclusory assertion that the cases reject. Brief of Appellee at 18. The HOA attacks Hubbell's affidavit on its substance now, but it is too late for that; that should occur at a new trial on the merits.

On the state of the record, therefore, Hubbell's affidavit, being both more than conclusory and bolstered by other evidence, satisfies her burden for the granting of a new trial.

Respectfully submitted,
*/s/ JPS*
J. Patrick Sutton
Texas Bar No. 24058143
1706 W. 10th Street
Austin Texas 78703
Tel. (512) 417-5903
Fax. (512) 355-4155
*jpatricksutton@*
*jpatricksuttonlaw.com*
Attorney for Appellant

## CERTIFICATE OF SERVICE

I certify that on January 3, 2017, a true and correct copy of this brief was served by efiling on:

Tom L. Newton, Jr.
Allen Stein & Durbin, P.C.
6243 IH-10 West, 7th Floor
San Antonio, Texas 78201

/s/ *J. Patrick Sutton*
Attorney for Appellant


## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in Century Schoolbook 14-point for text and 12-point for footnotes. Spacing is expanded by .6 point for clarity. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains **932** words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

/s/ *J. Patrick Sutton*
Attorney for Appellant