TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00693-CV







Pierre R. Smith, Appellant




v.




Scott Holmes, Laura Hines, and T.H., Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 98-03937, HONORABLE MARGARET COOPER, JUDGE PRESIDING







 Pierre R. Smith appeals from a post-answer default judgment for $18.5 million
rendered in favor of appellees Scott Holmes, Laura Hines, and their minor daughter, T.H. He
contends that the judgment is invalid because appellees did not prove that he received proper notice
of the trial date. We will reverse the judgment and remand the cause for further proceedings.

 Appellees sued Smith to recover civil damages resulting from Smith's aggravated
sexual assaults of T.H., the minor daughter of Holmes and Hines. (1) Smith filed a response, but failed
to respond to appellees' requests for admissions. About two years after the unanswered requests
were deemed admitted by operation of rule, (2) appellees appeared uncontested at trial and obtained a
judgment against Smith and in favor of T.H. for $2.5 million in actual damages and $10 million in
punitive damages, and in favor of Holmes and Hines each for $1 million in actual damages and $2
million in punitive damages.

 Smith filed a motion for new trial stating that he had not received notice of the trial
setting. He supported this assertion with an unsworn declaration. See Tex. Civ. Prac. & Rem. Code
Ann. §§ 132.001-.002 (West 1997). (3) This motion was overruled without a hearing and by operation
of rule. See Tex. R. Civ. P. 329b(c).

 Smith contends on appeal that the district court did not have sufficient evidence at
the trial to determine that he had received notice of the setting, that the trial in his absence violated
his due process rights, and that he is entitled to a new trial because either the appellees or the district
court did not comply with rule of civil procedure 245. See Tex. R. Civ. P. 245 (parties entitled to
forty-five days' notice of first setting for trial).

 The trial court's decision on a new trial motion is subject to review for abuse of
discretion. Cliff v. Huggins, 724 S.W.2d 778, 778-79 (Tex. 1987); Strackbein v. Prewitt, 671
S.W.2d 37, 38 (Tex. 1984). Generally, that discretion must be guided by a three-part test; to grant
the motion for new trial, the court must determine that: (1) the defendant's failure to answer before
judgment was not intentional or the result of conscious indifference on the defendant's part, but was
due to a mistake or accident, (2) the motion for new trial sets up a meritorious defense, and (3) the
motion is filed at a time when its granting would not result in a delay or otherwise injure the
plaintiff. Craddock v. Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex. 1939). A defendant who has
made an appearance in a cause is entitled to notice of the trial setting as a matter of due process
under the Fourteenth Amendment to the federal constitution. LBL Oil Co. v. International Power
Serv., Inc., 777 S.W.2d 390, 390-91 (Tex. 1989). A defendant who does not receive notice of a post-answer default-judgment proceeding is deprived of due process. Id. A party who has been denied
due process through lack of notice of a trial setting satisfies the first Craddock factor and does not
have to meet the remaining requirements to be entitled to a new trial. Green v. McAdams, 857
S.W.2d 816, 819 (Tex. App.--Houston [1st Dist.] 1993, no writ); see also Mosser v. Plano Three
Venture, 893 S.W.2d 8, 12-13 (Tex. App.--Dallas 1994, no writ). That party is entitled to have the
default judgment set aside. See LBL Oil, 777 S.W.2d at 390-91.

 Appellees presented evidence that Smith had received notice of the trial setting. "A
certificate by a party or an attorney of record, or the return of an officer, or the affidavit of any person
showing service of a notice shall be prima facie evidence of the fact of service." Tex. R. Civ. P. 21a. 
That a document was mailed creates a rebuttable presumption that it was received. Thomas v. Ray,
889 S.W.2d 237, 238 (Tex.1994). Appellees presented the notice they sent to Smith and a United
States Postal Service return receipt (commonly referred to as a "green card") containing a signature
by someone other than Smith, indicating that the trial-setting letter arrived at the prison where Smith
was incarcerated. Appellees made a rebuttable prima facie case for service.

 Smith, however, overcame this prima facie case. In his declaration accompanying
his motion for new trial, Smith unequivocally denied receiving the notice. On a motion for new trial,
the trial court is bound to accept as true the affidavits of the movant, unless the opponent requests
an evidentiary hearing. Averitt v. Bruton Paint & Floor Co., 773 S.W.2d 574, 576 (Tex.
App.--Dallas 1989, no writ); see In re Parker, 20 S.W.3d 812, 816 (Tex. App.--Texarkana 2000,
no pet.); see also McClure v. Landis, 959 S.W.2d 679, 681 (Tex. App.--Austin 1997, pet. denied). 
Smith's denial defeats the presumption that, because notice was mailed, he received it. Cliff, 724
S.W.2d at 780 (presumption vanishes when evidence introduced that letter was not received). 
Because the record does not contain a request for an evidentiary hearing, Smith's uncontested denial
that he received notice also overcomes any inference that, because someone at the prison other than
Smith signed the green card, he received the notice. (4) There is no showing in the record that the
signatory's receipt of the notice can be imputed to Smith as it was in Elite Towing, Inc. v. LSI
Financial Group, 985 S.W.2d 635, 643 (Tex. App.--Austin 1999, no pet.). After Smith denied that
he received notice, appellees were required to do something more than show that someone at the
prison's address had received the notice. They did not introduce any other evidence to show that the
signer of the green card or anyone else delivered the notice to Smith. 

 Because the only evidence in the record on the motion for new trial indicates that
Smith did not receive notice of the trial, Smith satisfied the first Craddock factor because, without
notice, he could not intentionally or with conscious indifference fail to appear or otherwise
participate in the trial. Under LBL, Smith was relieved of satisfying the second and third Craddock
factors in order to gain a new trial. See LBL, 777 S.W.2d at 390-91. We conclude that the district
court abused her discretion by failing to grant Smith's motion for new trial.

 We need not consider the remaining questions on appeal because their favorable
resolution entitles Smith to no greater relief than remand. We reverse the judgment of the district
court and remand this cause to that court for further proceedings.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Reversed and Remanded

Filed: August 9, 2001

Publish
1. In the criminal prosecution, Smith was convicted of aggravated sexual assault, indecency with
a child by contact (two counts), and indecency with a child by exposure. The jury assessed prison
sentences of ninety-nine years, twenty years, twenty years, and ten years, respectively, for the
offenses. The jury also assessed a $10,000 fine on each of the offenses. The court ordered these
sentences served concurrently.
2. Failure to respond to requests for admission timely results in automatic admission. See Tex.
R. Civ. P. 198.2.
3. The unsworn declaration "by an inmate in the Texas Department of Corrections or in a county
jail may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit." 
Tex. Civ. Prac. & Rem. Code Ann. § 132.001(a) (West 1997).
4. On appeal, Smith explains that the prison has an internal log showing whether prison officials
deliver certified correspondence to prisoners. See 37 Tex. Admin. Code § 291.2 (2001) (requiring
each prison to have a policy for distributing incoming mail). The log was not in evidence.



that the trial-setting letter arrived at the prison where Smith
was incarcerated. Appellees made a rebuttable prima facie case for service.

 Smith, however, overcame this prima facie case. In his declaration accompanying
his motion for new trial, Smith unequivocally denied receiving the notice. On a motion for new trial,
the trial court is bound to accept as true the affidavits of the movant, unless the opponent requests
an evidentiary hearing. Averitt v. Bruton Paint & Floor Co., 773 S.W.2d 574, 576 (Tex.
App.--Dallas 1989, no writ); see In re Parker, 20 S.W.3d 812, 816 (Tex. App.--Texarkana 2000,
no pet.); see also McClure v. Landis, 959 S.W.2d 679, 681 (Tex. App.--Austin 1997, pet. denied). 
Smith's denial defeats the presumption that, because notice was mailed, he received it. Cliff, 724
S.W.2d at 780 (presumption vanishes when evidence introduced that letter was not received). 
Because the record does not contain a request for an evidentiary hearing, Smith's uncontested denial
that he received notice also overcomes any inference that, because someone at the prison other than
Smith signed the green card, he received the notice. (4) There is no showing in the record that the
signatory's receipt of the notice can be imputed to Smith as it was in Elite Towing, Inc. v. LSI
Financial Group, 985 S.W.2d 635, 643 (Tex. App.--Austin 1999, no pet.). After Smith denied that
he received notice, appellees were required to do something more than show that someone at the
prison's address had received the notice. They did not introduce any other evidence to show that the
signer of the green card or anyone else delivered the notice to Smith. 

 Because the only evidence in the record on the motion for new trial indicates that
Smith did not receive notice of the trial, Smith satisfied the first Craddock factor because, without
notice, he could not intentionally or with conscious indifference fail to appear or otherwise
participate in the trial. Under LBL, Smith was relieved of satisfying the second and third Craddock
factors in order to gain a new trial. See LBL, 777 S.W.2d at 390-91. We conclude that the district
court abused her discretion by failing to grant Smith's motion for new trial.

 We need not consider the remaining questions on appeal because their favorable
resolution entitles Smith to no greater relief than remand. We reverse the judgment of the district
court and remand this cause to that court for further proceedings.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Reversed and Remanded

Filed: August 9, 2001

Publish
1. In the criminal prosecution, Smith was convicted of aggravated sexual assault, indecen