# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-02-00438-CV

---

**Pierre R. Smith, Appellant**

**v.**

**Scott Holmes; Laura Hines; and T. H., Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
NO. 98-03937, HONORABLE DARLENE BYRNE, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Pierre Smith appeals from the $18.5-million judgment favoring his stepdaughter, T.H., whom he repeatedly sexually assaulted, and her parents, Scott Holmes and Laura Hines. He complains that the district court erred by denying him an opportunity to participate in a jury trial. We will affirm the judgment.

Smith was convicted of sexually assaulting T.H., beginning when she was nine years old and continuing until she was fourteen. *See Smith v. State*, No. 03-97-00795-CR , 1999 Tex. App. LEXIS 3723, at *2-*3 (Tex. App.CAustin May 20, 1999, pet. ref=d) (not designated for publication). When she was fourte, she began running away from home, living on the street, eating out of dumpsters, and using

cocaine in New Orleans. *Id*. at *3. Smith was convicted of several offenses and sentenced to prison terms ranging from ten to ninety-nine years. He remains in prison.

Appellees sued Smith for damages resulting from his assaults. T.H. sought recovery for past and future medical care, pain and suffering, psychological care, mental anguish, extreme emotional distress, and loss of parental consortium. Holmes and Hines sought recovery for past and future mental anguish, extreme emotional distress, and loss of parental consortium. In a post-answer default judgment, the district court awarded them $18.5 million. This Court reversed that award and remanded the cause because Smith had not received proper notice of the trial. *Smith v. Holmes*, 53 S.W.3d 815, 818 (Tex. App.CAustin 2001, no pet.).

On remand, Smith moved the court to strike admissions that were deemed by his failure to respond. He also objected to the court holding a trial without him present, and noted that he could not appear at the trial without the court issuing a bench warrant or other appropriate order.

The district court denied his request to strike the admissions, for a jury trial, and to appear. The court rendered judgment for appellees, awarding T.H. $2.5 million in actual damages and $10 million in punitive damages; the court awarded her parents each $1 million in actual damages and $2 million in punitive damages.

Smith contends on appeal that he was improperly denied the right to appear at trial. We review the denial of his motion to appear for an abuse of discretion. *Dodd v. Dodd*, 17 S.W.3d 714, 716 (Tex. App.CHouston [1st Dist.] 2000, no pet.). A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to guiding rules or principles, or when it misapplies the law to the

**2**

established facts of the case. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). We must review the evidence in the light most favorable to the action of the trial court, and cannot substitute our judgment for that of the trial court as long as the trial court did not abuse its discretion. *State v. Ellison*, 914 S.W.2d 679, 682 (Tex. App.CAustin 1996, no writ).

The district court=s order denying Smith=s motion to appear tracks the factors courts must consider when ruling on such a motion. These factors include:

> (1) the cost and inconvenience of transporting the inmate to court; (2) the security risk and danger to the court and the public by allowing the inmate to attend court; (3) whether the inmate=s claims are substantial; (4) whether a determination of the matter can reasonably be delayed until the inmate is released; (5) whether the inmate can and will offer admissible, noncumulative testimony that cannot be offered effectively by deposition, telephone, or otherwise; (6) whether the inmate=s presence is important in judging his demeanor and credibility compared with that of other witnesses; (7) whether the trial is to the court or to a jury; and (8) the inmate=s probability of success on the merits.

*Armstrong v. Randle*, 881 S.W.2d 53, 57 (Tex. App.CTexarkana 1994, writ denied). Here, the district court found that the expense and risk of transporting Smith from prison were high, and that his criminal convictions, deemed admissions, lack of request for affirmative relief, and invocation of his right not to testify at his deposition rendered his appearance unnecessary. The court noted that Smith=s participation in the litigationCincluding gaining reversal of the original judgmentCshowed that he was capable of presenting his case through documents. The court found that the convictions and deemed admissions eliminated the need for both a jury and for credibility determinations; they also made Smith unlikely to prevail.

Smith argues that, had he been allowed to participate, either in person or by other means, he would have been able to raise fact issues. He contends appellees are not entitled to loss of consortium damages; that the deemed admissions do not support future damages; that the damage award to T.H. cannot stand because it is based on medical expenses, which are damages to the parents, not the minor; and that the judgment improperly fails to distinguish between past and future damages, thus making a computation of pre- and post-judgment interest impossible.

The record supports the district court=s denial of Smith=s motion to appear. He committed a heinous crime and was imprisoned hundreds of miles from the district court. The issues he contends he could have raised are legal (not factual) issues, can be presented in writing, and were presented in his motion to modify the judgment.[1] Letting him appear in person would have been risky, expensive, unnecessary, and unhelpful. The court did not abuse her discretion by denying the motion, and Smith was not harmed by any abuse of discretion.

---

[1] The issues lack merit. Even if T.H. could not recover for loss of consortium or medical expenses, she has claims for physical pain and suffering, mental anguish, and extreme emotional distress that support the award. Similarly, her parents have claims of mental anguish and extreme emotional distress aside from their claims for loss of consortium. Because the damages awarded are based on requests for admission phrased in the past tense, the deeming of those admissions means that the entirety of the award is for past damages, and the interest should be calculated accordingly.

Nor do we find harm from the court=s denial of Smith=s request for a jury trial. AA refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified.@ *Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex. 1991). Because Smith=s conviction and the deemed admissions left no material issues of fact unresolved, we conclude that he was not harmed by the court=s denial of his request for a jury trial.

We affirm the judgment.


Lee Yeakel, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed:    March 27, 2003

**5**