Opinion issued October 11, 2007









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00160-CV






NARCISO SANCHEZ, Appellant


V.


LISA DAVENPORT, individually and as next friend of A. D., a minor child,
Appellee






On Appeal from the 149th District Court

Brazoria County, Texas

Trial Court Cause No. 22822






MEMORANDUM OPINION

 Appellant, Narciso Sanchez, appeals from a post-answer default judgment
entered against him, awarding appellee, Lisa Davenport, individually and as next
friend of A.D., a minor child, damages in the amount of $801,500 in a civil assault
claim. In three issues, Sanchez contends that Davenport's claim is barred by the
statute of limitations, that he is entitled to a new trial because he did not receive
proper notice of the trial setting, and that the judge was biased due to the trial court's
failure to rule on any of his motions. We conclude that Sanchez received proper
notice of the trial setting. We also conclude that Sanchez's remaining claims are
waived because he did not obtain an adverse ruling on his assertion that the statute
of limitations bars the claim, and his remaining challenge is inadequately briefed. We
affirm.

Background

 Davenport claims that on or about January 27, 2001, Sanchez engaged in
unlawful sexual relations with A.D., who at that time was a minor child. The civil
suit against Sanchez by Davenport was filed on January 23, 2003, according to the
file stamp on the petition. Sanchez was served with the petition later that same year
while he was incarcerated in a Texas prison for the criminal conviction arising from
the sexual assault of A.D. Sanchez filed an answer to the lawsuit.

 On November 1, 2005, the trial court set the case for trial to be held on January
30, 2006. The court coordinator sent the parties notice of the setting by mail,
instructing them to sign the letter to acknowledge receipt of the notice and to return
the letter to the court. Davenport returned the letter, but Sanchez did not.

 On November 28, the trial court received a letter from Sanchez requesting that
the court appoint him an attorney. In that letter, Sanchez stated, "I have written this
letter to you regarding a civil law suit pending in my name in your court, set for trial
on the 30th day of January of 2006, by the same party by which I've been
incarcerated for." The trial court responded that it was unable to appoint an attorney
in a civil matter.

 On January 5, 2006, Sanchez filed a motion for an extension of time and a
motion for an attorney, but he did not request a hearing on those motions. A week
before the trial setting, Sanchez filed a motion for summary judgment with a
declaration and memorandum, claiming that the statute of limitations barred the suit. 
On the morning of the scheduled trial on January 30, Davenport appeared ready for
trial, but Sanchez did not appear. Davenport denied having received notice of
Sanchez's motion for summary judgment. Although Davenport responded to the
motion for summary judgment with a handwritten response that she prepared that
morning, the trial court did not rule on Sanchez's motion for summary judgment. 

 The trial court rendered a default judgment against Sanchez in the amount of
$801,500. The final judgment stated that Sanchez had been "duly and legally cited
to appear, [but] failed to appear, and wholly made default." The judgment also
deemed admitted Davenport's Requests for Admissions due to Sanchez's failure to
respond to the requests.

 On February 10, 2006, Sanchez filed a motion for new trial, an affidavit in
support of the motion, and a notice of appeal, but no hearing was requested on the
motion for new trial. In his motion for new trial, Sanchez asserted that Davenport did
not prove that he received proper notice of the trial date, that the trial court violated
his due process rights, and that he is entitled to a new trial. In his own affidavit
attached to the motion for new trial, Sanchez "unequivocally denied receiving notice
of a trial setting," "aver[red] that all arguement [sic] in his motion for new trial [are]
true and correct," and stated that there was "no prima facie evidence of the fact of
service pursuant to Tex. R. Civ. P. 21a by a certified mail green card." (1) Sanchez also
asserted that his failure to appear at trial was not intentional or the result of conscious
indifference. The motion for new trial also included an affidavit from a fellow inmate
who gave his opinions about the case. The motion for new trial was overruled by
operation of law. (2)Notice of Trial Setting

 In his second issue, Sanchez contends that he is entitled to a new trial because
his due process rights were violated. More specifically, he asserts that the trial court
did not have sufficient evidence to determine that he received proper notice of the
trial setting.

 A trial court abuses its discretion by denying a motion for new trial when the
defaulting party in a post-answer default judgment establishes that it has met the test
set forth in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126
(Tex. 1939). Cliff v. Huggins, 724 S.W.2d 778, 778-79 (Tex. 1987). The Craddock
test provides that a default judgment should be set aside and a new trial granted if
(1) the failure to answer was not intentional or the result of conscious indifference but
was due to a mistake or accident, (2) the defendant sets up a meritorious defense, and
(3) the motion is filed at such time that granting a new trial would not result in delay
or otherwise injure the plaintiff. In re R.R., 209 S.W.2d 112, 114-15 (Tex. 2006)
(citing Craddock, 134 Tex. at 388, 133 S.W.2d at 126). To meet the Craddock test
in a post-answer default judgment, however, the defaulting party need only establish
that he did not receive notice of the trial setting, which is the first element of
Craddock, and the other elements need not be established. See Mathis v. Lockwood,
166 S.W.3d 743, 744 (Tex. 2005); Smith v. Holmes, 53 S.W.3d 815, 817 (Tex.
App.--Austin 2003, no pet.); Green v. McAdams, 857 S.W.2d 816, 819 (Tex.
App.--Houston [1st Dist.] 1993, no writ). Here, Sanchez only challenges the proof
that he received notice of the trial setting; Sanchez does not challenge the other two
Craddock elements. We also note that the record does not show that Sanchez
requested a bench warrant, nor does Sanchez assert any other reason for his failure
to appear for trial, other than his claimed lack of notice of the trial setting.

 A defendant who has made an appearance in a cause is entitled to notice of the
trial setting as a matter of due process. Smith, 53 S.W.3d at 817. A party is entitled
to 45 days notice of the first trial setting of a case. See Tex. R. Civ. P. 245. Notice
sent pursuant to Rule 21a creates a presumption that notice was received. Tex. R.
Civ. P. 21a; Cliff, 724 S.W.2d at 780. If the defaulted party challenges receipt of
notice, the presumption disappears and service must then be proven according to the
rule. Mathis, 166 S.W.3d at 745; see also Cliff, 724 S.W.2d at 780. 

 Because Sanchez has challenged receipt of notice of the trial setting, we cannot
presume that he received notice. See Mathis, 166 S.W.3d at 745 (holding that oral
assurance by attorney showed only that notice was mailed, not received, and finding
no other evidence in record proving receipt of notice). The record must affirmatively
prove that Sanchez received notice of the trial setting before the default judgment
may be upheld. Here, the record contains affirmative proof that Sanchez received
notice of the January 30 trial setting. In the letter from Sanchez that the trial court
received on November 28, 2005, Sanchez said that he was writing to the court
regarding the "civil law suit pending in my name in your court, set for trial on the
30th day of January of 2006." This evidence shows that Sanchez had, at a minimum,
63 days notice of the trial setting, which is more than the 45 days required by Rule
245. See Tex. R. Civ. P. 245. Because the record shows that Sanchez had notice of
the January 30 trial setting, we hold that the trial court did not abuse its discretion by
denying the motion for new trial. We overrule Sanchez's second issue.

Statute of Limitations

 In his first issue, Sanchez contends that the civil assault action against him is
barred by the statute of limitations. Sanchez raised this issue in a motion for
summary judgment filed on January 23, 2006, but there was no hearing and the trial
court did not rule on the motion before granting Davenport's default judgment. In
order to preserve an issue for appellate review, a party must timely present the issue
to the trial court and receive an adverse ruling from the trial court. Tex. R. App. P.
33.1; see Thomas v. Long, 207 S.W.3d 334, 339 (Tex. 2006). Because appellant
failed to obtain an adverse ruling from the trial court, we hold that appellant did not
preserve this issue for our review. We overrule appellant's first issue.Judge's Bias

 In his third point of error, Sanchez claims that "[Davenport's] attorney
committed aggravated perjury in the trial proceedings" and that the trial court "only
took sides with [Davenport]'s attorney in an act of conspiracy to cause severe harm
to [Sanchez]." In his supplemental brief, Sanchez also asserts that the motion for new
trial was never presented to the trial court in an effort by court officials to "cover up"
his motion for new trial.

 Texas Rule of Appellate Procedure 38.1(h) requires that an appellant's brief
"must contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(h). "Rule
38 requires [a party] to provide us with such discussion of the facts and the authorities
relied upon as may be requisite to maintain the point at issue." Morrill v. Cisek, 226
S.W.3d 545, 548 (Tex. App.--Houston [1st Dist.] 2006, no pet.) (internal quotation
marks omitted) (quoting Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., 106
S.W.3d 118, 128 (Tex. App.--Houston [1st Dist.] 2002, pet. denied)). "This is not
done by merely uttering brief conclusory statements, unsupported by legal citations." 
Id.

 In his appellate brief, Sanchez has not included any citations to the record
concerning his allegations, nor does he cite to any legal authority. We hold that
Sanchez has waived his third issue due to inadequate briefing. See Tex. R. App. P.
38.1(h). We overrule Sanchez's third issue.

 Conclusion

 We affirm the judgment of the trial court.





 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.
1. Sanchez's declaration was unsworn but he satisfied requirements of sections 132.001
and 131.002 of the Civil Practice and Remedies Code, which provides that a prisoner
may make an unsworn declaration in lieu of a written sworn declaration if it is in
writing and subscribed as true and under penalty of perjury. Tex. Civ. Prac. & Rem.
Ann. Code §§ 132.001-.002 (Vernon 2005).
2. See Tex. R. Civ. P. 329b(c).