

# NUMBER 13-11-00317-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MARTHA POWELL,                                                      Appellant,

v.

ASPLUNDH TREE EXPERT CO.,                                          Appellee.

## On appeal from the County Court at Law No. 2
## of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, Martha Powell, appeals the denial of her motion for new trial following the trial court's entry of a summary judgment in favor of appellee, Asplundh Tree Expert Company. We affirm.

## I. BACKGROUND

Appellant sued appellee on a claim for personal injuries. On January 7, 2010, appellee filed a no-evidence motion for summary judgment. On February 2, 2010, appellant filed a response to the no-evidence motion. On February 11, 2010, appellee passed its hearing on the motion for summary judgment, stating that it reserved its right to re-set the hearing to a later date.

On September 1, 2010, the trial court granted appellant's lawyer leave to withdraw as appellant's attorney. On October 4, 2010, appellee filed a second motion for summary judgment, this time asserting both traditional and no-evidence grounds for summary judgment. On November 3, 2010, appellant appeared pro se before the trial court and requested a continuance of the hearing on appellee's second motion for summary judgment. The trial court continued the hearing and ordered the parties to mediate the case.

The case was mediated unsuccessfully on December 21, 2010. Thereafter, appellee filed its request for and notice of oral hearing on its traditional and no-evidence motion for summary judgment. A hearing was held on February 23, 2011. Appellant appeared pro se. She had not filed a response. The trial court granted appellee's traditional and no-evidence motion for summary judgment.

On March 3, 2011, appellant, represented by counsel, filed a verified motion for new trial, asserting as grounds that her failure to respond to appellee's motion for summary judgment was neither intentional nor the result of conscious indifference, but was instead due to accident or mistake, because as a layperson who was unrepresented and who did not have the benefit of counsel, appellant was unaware that

that appellee's motion, if granted, would operate to dismiss her case, without ever reaching the merits of the case. No evidence was attached to appellant's motion for new trial. Appellee filed a response to appellant's motion for new trial, attaching evidence in support thereof. In its response, appellee contested appellant's assertion that her failure to respond to appellee's motion for summary judgment was "due to accident or mistake." By written order dated April 29, 2011, the trial court denied appellant's motion for new trial.[1] This appeal ensued.

## II. ANALYSIS

### A.      Applicable Law

In *Carpenter*, the Texas Supreme Court decided the standard to be applied "to a motion for new trial filed after summary judgment is granted on a motion to which the nonmovant failed to timely respond when the respondent had notice of the hearing and an opportunity to employ the means our civil procedure rules make available to alter the deadlines Rule 166a imposes." *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 683-84 (Tex. 2002) (holding that, under such circumstances, "*Craddock* does not apply to a motion for new trial") (citing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (1939)). A motion for new trial "should be granted when a litigant establishes good cause for failing to timely respond by showing that (1) the failure to respond was not intentional or the result of conscious indifference, but the result of

---

[1] The clerk's record includes an order setting a hearing on appellant's motion for new trial for April 27, 2011. The court's docket sheet indicates that a hearing was held on that date and that, after hearing evidence and argument, the trial court took the motion under advisement. No reporter's record of the hearing has been filed with this Court. On August 2, 2011, this Court, in accordance with rule 37.3(c), gave appellant written notice that unless this defect is cured within ten days from the date of the notice, the Court will consider and decide those issues or points that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c). The defect was not cured.

accident or mistake, and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment." *Id.* at 688.

## B. Standard of Review

We review a trial court's ruling on a motion for new trial involving failure to file a response to a motion for summary judgment for an abuse of discretion. *Id.* at 686-87 (citing *Atkins v. Tinning*, 865 S.W.2d 533, 535 (Tex. App.—Corpus Christi 1993, writ denied) (applying abuse of discretion standard)). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Id.* at 687 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)).

## C. Discussion

As the party seeking relief, it is appellant's burden to establish that the trial court abused its discretion in denying her motion for new trial. *See Carpenter*, 98 S.W.3d at 688. In the absence of a reporter's record of the evidentiary hearing held on appellant's motion for new trial, it is impossible for this Court to conclude that appellant has met her burden. *See Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 347 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("We look to the substance of her arguments in her motion for new trial and to the evidence provided at the motion for new trial stage."); *Smith v. Holmes*, 53 S.W.3d 815, 818 (Tex. App.—Austin 2001, pet. ref'd) ("On a motion for new trial, the trial court is bound to accept as true the affidavits of the movant, unless the opponent requests an evidentiary hearing.").

Moreover, even if the record had been filed, an abuse of discretion does not occur when the trial court bases its decisions on conflicting evidence, which is what appears to have happened in this case. *See Goode v. Shoukfeh*, 943 S.W.2d 441, 446

4

(Tex. 1997); *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978). Thus, even if appellant presented favorable evidence to the trial court at the hearing, the fact that the record shows that appellee also submitted some evidence of a substantive and probative character that supports the trial court's decision precludes this Court from concluding there was an abuse of discretion. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002); *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied)).

Accordingly, appellant's issue is overruled.

### III. CONCLUSION

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
9th day of August, 2012.