ACCEPTED
03-14-00341-CV
4318628
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/27/2015 3:39:00 PM
JEFFREY D. KYLE
CLERK

## No. 03-14-00341-CV

---

### *In the Third Court of Appeals*

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

2/27/2015 3:39:00 PM
JEFFREY D. KYLE
Clerk

---

### James Richardson
*Appellant*

#### v.

### Maria Torres, Individually and as Next Friend of John Marmolejo Torres, Daniela Tejeda, and Isabella Gonzales, Minors
*Appellees*

---

Appeal from Cause No. C-1-CV-13-009448
County Court No. 2, Travis County, Texas
Hon. David Phillips

---

#### APPELLANT'S REPLY BRIEF

---

KING LAW GROUP, PLLC
Mary Ellen King
Texas State Bar No. 24067219
meking@kinglitigationgroup.com
Richard C. King Jr.
Texas State Bar No. 24007491
rking@kinglitigationgroup.com
W. James Nabholz, III
Texas State Bar No. 24042677
jnabholz@kinglitigationgroup.com
28515 Ranch Road 12
Dripping Springs, Texas  78620
512.263.8212 (phone)
512.900.2918 (fax)

*Counsel for Appellant James J. Richardson, IV*

#### ORAL ARGUMENT REQUESTED

TABLE OF CONTENTS

**Page**

Index of Authorities .................................................................................... iii

Introduction ................................................................................................. 1

Argument ..................................................................................................... 3

I.    The Nabholz Affidavit Was Properly before the Court and Contained Admissible Evidence Sufficient to Warrant Setting Aside the Default Judgment ............................................................................................. 3

    A.    The Nabholz Affidavit Was Filed as an Exhibit to the Motion to Set Aside Default Judgment and for Sanctions ........................................... 3

    B.    The Nabholz Affidavit Was Discussed at Length at the March 21 Hearing ............................................................................................. 4

    C.    The Nabholz Affidavit Provided Abundant Evidence Questioning the Validity of Torres's Claim that Service Occurred and Demonstrated that Richardson's Failure to Answer was Unintentional ...................... 5

    D.    Torres Failed to Make Specific Objections to the Nabholz Affidavit and Failed to Obtain a Ruling Striking Any Portions of the Affidavit ............................................................................................. 8

II.    Richardson Satisfies Each of the Three *Craddock* Factors and Is Entitled to Have the Default Judgment Set Aside ............................................................ 9

Conclusion and Prayer ................................................................................ 11

Certificate of Service .................................................................................. 13

Certificate of Compliance ........................................................................... 13

# INDEX OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Averitt v. Bruton Paint & Floor Co.,*
773 S.W.2d 574 (Tex. App.—Dallas 1989, no writ) ....................................... 7

*Bank One Tex., N.A. v. Moody,*
830 S.W.2d 81 (Tex. 1992) ..................................................................... 9, 11

*Craddock v. Sunshine Bus Lines Inc.,*
133 S.W.2d 124 (Tex. 1939) ............................................................. 2, 9, 11

*Smith v. Holmes,*
53 S.W.3d 815 (Tex. App.—Austin 2001, no writ) .................................... 7, 8

**Rules**

Texas Rules of Evidence 803(25) .................................................................. 6

Appellant James J. Richardson, IV, files this reply brief in support of his appeal in order to clarify the record and rebut the erroneous statements set forth in Appellee's Brief concerning the underlying facts and the equities at issue in this case. Torres's main argument rests on her erroneous claim that Richardson had no evidence at the March 21 hearing on Richardson's Motion to Set Aside Default Judgment and for Sanctions (the "Motion"). To the contrary, the Nabholz Affidavit was properly before the trial court at the hearing, and Richardson has now, for a second time, requested a supplement to the record to correct the Travis County Clerk's filing error so the record on appeal is accurate and complete. Despite the (now-corrected) clerical error, Torres is well aware that the affidavit was adduced at the hearing because it is mentioned no fewer than 18 times in the hearing transcript. Importantly, even if certain statements in the Nabholz Affidavit were potentially objectionable, they were not properly objected to nor ordered stricken from the record by the trial court. Also, the lion share of the Nabholz Affidavit (and the supporting exhibits) was never properly challenged by Torres. Based on the Nabholz Affidavit, the lower court was presented with, at minimum, a record demonstrating that the service affidavit was of questionable veracity. The day before the service affidavit was purportedly filed, Richardson's counsel informed Torres's counsel that *Richardson had not been served*. The fact that the Travis County Clerk

1

did not file Richardson's complete submission on March 13 highlights the other docketing issue in this case; namely, four days before the default judgment was surreptitiously taken by Torres, the trial court docket reflected only that an alias summons had been issued, *not that a service affidavit had been filed purporting to document personal service made two months earlier*.

Essentially conceding that this is an obvious case meriting equitable reversal under the *Craddock* Doctrine, Torres is unable to make any meaningful or logical argument that Richardson's failure to answer was intentional or the product of conscious indifference. With respect to the remaining two *Craddock* factors, Torres is unable to make any argument at all, essentially conceding that Richardson had meritorious potential defenses and that a new trial will cause Torres no injury. *See Craddock v. Sunshine Bus Lines, Inc.,* 133 S.W.2d 124, 126 (Tex. 1939).

Given that motions for new trial filed after default judgments should be liberally granted, the trial court abused its discretion in not setting aside the default judgment and affording Richardson the opportunity to a full trial on the merits; both law and equity demand reversal.

## ARGUMENT

**I.    The Nabholz Affidavit Was Properly before the Court and Contained Admissible Evidence Sufficient to Warrant Setting Aside the Default Judgment**

Torres's arguments concerning the Nabholz Affidavit fail for several reasons: First, the Nabholz Affidavit was attached to and timely filed with the Motion; second, the Nabholz Affidavit contains ample evidence supporting the fact that Richardson was not served and, at a minimum, his failure to answer was unintentional; and third, any objection to the admissibility of the Nabholz Affidavit was waived by Torres as she failed to obtain any ruling from the trial court striking specific testimony in the affidavit.

**A.    *The Nabholz Affidavit Was Filed as an Exhibit to the Motion to Set Aside Default Judgment and for Sanctions***

Richardson filed his Motion on March 13, 2014, with the Travis County Clerk's office through the electronic filing service company File and ServeXpress. The Motion was accompanied by the following supporting exhibits: Exhibit A (Default Judgment), Exhibit B (The Affidavit of W. James Nabholz III dated March 13, 2014), Exhibit B-1 (Citation), Exhibit B-2 (Alias Citation), Exhibit B-3 (Affidavit of Service), Exhibit B-4 (Letter to Jesus Tirrez dated February 12, 2014), Exhibit B-5 (Letter to Jesus Tirrez dated March 12, 2014), and Exhibit B-6 (Letter from Jesus Tirrez dated March 12, 2014).  Nevertheless, through an error in the Travis County Clerk's processing of Richardson's filing, the trial court docket

inexplicably reflects the Motion as having been filed without the affidavit or any of the six supporting exhibits.

In order to correct this error and give this Court a full and complete record, File and ServeXpress has provided a business records affidavit providing sworn evidence that the affidavit and supporting exhibits accompanied the Motion and were submitted by File and ServeXpress as a single filing "Envelope" to the Travis County Clerk for filing on March 13, 2014. However, for unknown reasons, the County Clerk docketed only a portion of Richardson's filing (aka the "Envelope"). Appellant has now filed the necessary request for the record to be supplemented with these materials to correct this error.[1] Richardson respectfully requests that the Court reject Torres's arguments that this processing error by the Clerk constitutes grounds for affirming an improperly granted default judgment.

B.    *The Nabholz Affidavit Was Discussed at Length at the March 21 Hearing*

Further, despite the Clerk's error in failing to properly docket the supporting affidavit and exhibits, those documents were before the Court at the March 21 hearing on Appellant's Motion. In fact, the hearing transcript reveals that the Nabholz Affidavit was mentioned no less than 18 separate times during the hearing.

---

[1] Appellant previously asked the Travis County Clerk to supplement the record with these materials but, instead, the clerk supplemented the record only with other case materials. The record supplementation should be complete within seven days.

SR at 4-5, 9-12. Consequently, Torres had ample opportunity to critique and challenge the Nabholz Affidavit and obtain any court ruling necessary to, if appropriate, strike statements from that affidavit.

### C. *The Nabholz Affidavit Provided Abundant Evidence Questioning the Validity of Torres's Claim that Service Occurred and Demonstrated that Richardson's Failure to Answer Was Unintentional*

At the hearing, Torres made only general objections to the testimony in the Nabholz Affidavit, essentially implying that the affidavit was inadmissible in its entirety. SR at 5, 12. Yet, Nabholz set forth a great deal of probative information in his affidavit that is beyond challenge. In particular, the affidavit sets forth detailed statements made by Nabholz concerning his weekly monitoring of the case during the four-month period he was in close contact with Torres's trial counsel working to settle multiple claims arising from the same accident.[2] In fact, Nabholz testified that he checked the docket *at least once a week*, CR at 21, so that if Richardson was served and failed to timely communicate that fact to counsel, a service affidavit would be spotted before it was on file for more than ten days, allowing time to file an answer. The affidavit is clear that Nabholz was taking a two-fold approach – regularly contacting Appellant directly *and*, even more frequently, consistently

---

[2] As explained above, the March 13, 2014 Nabholz Affidavit will be included in the supplementation being prepared by the lower court clerk. The same language appears in the later April 11, 2014 Nabholz Affidavit that is already in the record. CR at 20-24. References herein will be to the later affidavit because the new supplement has not been completed.

monitoring the trial court docket:

> 5. "Beginning with my review of the Court's electronic docket system on November 5, 2013, I began to review that docket system at least once per week to monitor the status of service on Richardson. I reviewed the docket system weekly from November 5, 2013 through March 4, 2014. Throughout this same time, I was in frequent contact with Richardson to determine whether he had received service of process. My calls and/or emails to Richardson occurred approximately every two (2) to three (3) weeks. At no time during the four (4) month period I was monitoring the service through the Court's electronic docket system and checking with Richardson did I ever receive any information which indicated that Richardson had been served in this case." CR at 21.

Nabholz's testimony that he repeatedly contacted Richardson should not be dismissed as evidence. Nabholz was taking precautions to avoid an inadvertent default. He would not have needed to continue his routine docket checks as late as February 24 or March 3, 2014, had he had any information suggesting Richardson had been served. Thus, his affidavit does not restate hearsay testimony from Richardson; to the contrary, it merely states the obvious, Nabholz lacked any knowledge or evidence of service and, therefore, did not know that Torres could or would secretly obtain a default judgment.[3] Even if Nabholz's affidavit testimony that he repeatedly contacted Richardson is disregarded, although it should not be, it is clear that – based on his personal fact finding – there was no basis for filing an

---

[3] At a minimum, Nabholz's systematic and regular course of action over a four-month period that Appellee failed to controvert before the lower court should be sufficient to establish the necessary level of trustworthiness to satisfy the requirements of Texas Rule of Evidence 803(25).

answer as of Monday, February 24, 2014, just four days before Torres secretly

obtained her default judgment:

> 6. "When I checked the Court's electronic docket system on or about February 24, 2014, the system revealed that an Alias Citation had been issued for James Richardson on February 13, 2014." CR at 21.

This important point goes unaddressed by Torres. Specifically, she fails to

address the fact that on February 24, 2014, the trial court docket *did not reflect that*

*a service affidavit had been filed on February 13* and, instead, reflected only that an

alias citation had been issued for Richardson on that date.[4] Thus, at a minimum, the

trial court was presented with a conflicted service record at the time of the March 21

hearing.

Under well-established case law, a trial court faced with a motion to set aside

a default judgment is bound to accept as true the affidavits of the movant, unless the

opponent requests an evidentiary hearing and introduces controverting evidence.

*See Smith v. Holmes,* 53 S.W.3d 815, 818 (Tex. App.—Austin 2001, no writ) (citing

*Averitt v. Bruton Paint & Floor Co.,* 773 S.W.2d 574, 576 (Tex. App.—Dallas 1989,

no writ)). Here, Torres, in opposing the Motion, chose not to present additional

credible evidence to rebut the evidence – such as the process server providing live

testimony that he actually did travel to the Dallas-Fort Worth area that day in

---

[4] Again, while Appellee may attempt to turn a blind eye to the docketing issues caused by the clerk in this case, the Nabholz Affidavit clearly raised the issue of a second docketing error.

December 2013 and that the person he claims to have served *was actually James J. Richardson, IV* – offered by the moving party; thus, the motion should have been granted. *See Smith,* 53 S.W.3d at 818. Faced with such a record, it was an abuse of discretion to not set aside the default judgment.

**D.** ***Torres Failed to Make Specific Objections to the Nabholz Affidavit and Failed to Obtain a Ruling Striking Any Portions of the Affidavit***

Importantly, despite raising generalized hearsay objections to the Nabholz Affidavit, Torres failed to file any objections to the Nabholz Affidavit or make any objections to specific statements in the affidavit during the hearing. Torres made only two generalized objections. SR at 5 ("And I'm going to object to his affidavit based on hearsay."), 12 ("Again, Your Honor, I'm going to object to hearsay."). But, more is required to strike sworn affidavit testimony; however, Torres failed to go through the well-established, state-court procedure of identifying which statements in the affidavit Torres deemed objectionable, arguing their alleged inadmissibility, affording Richardson an opportunity to rebut and argue their admissibility, and then obtaining a ruling from the court specifying which statements are inadmissible. While the trial court and Torres make generalized statements about hearsay, Torres failed to carry *her burden* of obtaining a ruling on her verbal objections at the hearing.

More importantly, the Order Denying the Motion is entirely devoid of any evidentiary ruling striking any portions of the Nabholz Affidavit. CR at 91. Instead,

8

Torres seeks to now – for the first time on appeal – have this Court line-out certain sections of the Nabholz Affidavit, if not the entire affidavit, in order to maintain her *ex parte* default judgment against a defendant who was never served. There is simply no reason to penalize Richardson by denying his right to a trial on the merits in order to now grant Torres an evidentiary ruling that she failed to properly obtain at the lower court.

**II.     Richardson Satisfies Each of the Three *Craddock* Factors and Is Entitled to Have the Default Judgment Set Aside**

Torres only briefly attempts to rebut Richardson's manifest entitlement to equitable relief. In fact, Torres does not deny that (i) Richardson has meritorious defenses he could have asserted had he been afforded the opportunity, and (ii) granting Richardson equitable relief will occasion no injury to Torres. *See Craddock,* 133 S.W.2d at 126; *see also Bank One Tex., N.A. v. Moody,* 830 S.W.2d 81 at 83. Thus, Torres concedes that Richardson can satisfy two of the three *Craddock* factors. Brief of Appellees at 19-22.

As to the remaining factor, Torres does attempt to argue that Richardson's failure to answer was intentional or the result of conscious indifference, but she does so by resorting to a fundamental mischaracterization of Richardson's position. Torres claims that Richardson's failure to answer was based, not on the fact that he was not served, but solely on the fact that he did not know Torres had informed the trial court of service. Brief of Appellees at 20 (mischaracterizing Richardson's

9

position as – "I didn't answer because I didn't know plaintiff told the court I had been served."). To the contrary, Richardson was both unaware that Torres claimed he had been served *and* did not realize that a service affidavit had been filed.

Of course, Torres knew full well that Richardson and his counsel were unaware that the process server claimed to have served Richardson two months earlier. Torres knew because Richardson's counsel wrote to Torres's counsel on February 12, 2014 – the day before the service affidavit was supposedly filed – and stated that the proposed Amended Petition Torres was intending to file should be revised to "recognize that James Richardson has not been served." R 28.[5] Torres was even informed in that same letter of the steps that Nabholz had taken to ensure that he was up to-date on the ongoing status of service. Thus, Torres was well aware that there was a glaring factual disconnect at play – a process server claiming to have served Richardson two months earlier and Richardson and his counsel stating unequivocally that service had not occurred – and, thus, the service affidavit's validity was at issue.[6]

The absence of a purposeful or bad faith failure to answer is the controlling

---

[5] This letter was attached as Exhibit B-4 to the March 13 Nabholz Affidavit, which is being supplemented.

[6] Torres raised no objection to the February correspondence at the March 21 hearing.

fact under this analysis and in this case. *See Craddock*, 133 S.W.2d at 125.[7] Here, it was an abuse of discretion for the trial court to refuse to grant a new trial when all three *Craddock* elements are satisfied. *See Bank One,* 830 S.W.2d at 85. This matter can and should be remanded so the parties can fairly, but expeditiously, move to a trial on the merits.

### CONCLUSION AND PRAYER

For the foregoing reasons, Richardson respectfully requests that this Court reverse the trial court's denial of his Motion to Set Aside Default Judgment, and remand this case to the trial court for further proceedings. Setting aside the legal arguments and obvious material questions of fact at issue, equity, not to mention basic concepts of fair play and professionalism, clearly demands that this case be returned to the lower court for resolution on the merits.

---

[7] Here, the only party acting in bad faith was Torres. Interestingly, she does not, because she cannot, explain why she concealed her efforts to obtain a default judgment despite knowing that Richardson was represented by counsel, was actively interacting with Richardson's counsel for months to settle other claims related to the accident at issue in this case. She should not be rewarded for her duplicity.

11

Respectfully submitted,

**KING LAW GROUP, PLLC**

 */s/ Mary Ellen King*
Mary Ellen King
Texas Bar No. 24067219
meking@kinglitigationgroup.com
Richard C. King Jr.
Texas State Bar No. 24007491
rking@kinglitigationgroup.com
W. James Nabholz, III
Texas State Bar No. 24042677
jnabholz@kinglitigationgroup.com
28515 Ranch Road 12
Dripping Springs, Texas  78620
512.263.8212 (phone)
512.900.2918 (fax)

*Attorneys for Appellant James J. Richardson, IV*

## CERTIFICATE OF SERVICE

On February 27, 2014, in compliance with Texas Rule of Appellate Procedure 9.5, I served this document on the following counsel of record by e-service, e-mail, facsimile, or mail to:

Jesus Tirrez
JESUS TIRREZ & ASSOCIATES
1301 South IH-35, Suite 307
Austin, Texas 78741
(512) 326-1330  Telephone
(512) 275-0075  Fax

Beth Watkins
Shannon K. Dunn
LAW OFFICE OF BETH WATKINS
926 Chulie Drive
San Antonio, Texas 78216
(210) 225-6666  Telephone
(210) 225-2300  Fax

*/s/ Mary Ellen King*
Mary Ellen King

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in a conventional typeface no smaller that 14-point for text and 12-point for footnotes.  This document also complies with the word-count limitations of Rule 9.4(i), if applicable, because it contains 2,699 words, excluding any parts exempted by Rule 9.4(i)(1).

*/s/ Mary Ellen King*
Mary Ellen King
