# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00456-CV

---

**Eboni Lunsford Calbow, Appellant**

**v.**

**Shawn Phillip Calbow, Appellee**

---

### FROM THE 395TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 22-2596-F395, THE HONORABLE RYAN D. LARSON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This appeal arises from a post-answer default final divorce decree rendered after Eboni Lunsford Calbow failed to appear for trial. In two issues, Eboni[1] contends that the trial court abused its discretion in denying her motion to set aside the default judgment because she did not have adequate notice of the trial setting and because she met the three-part test under *Craddock* for setting aside a default judgment. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). We will affirm the divorce decree.

## BACKGROUND

Eboni and Shawn Phillip Calbow married in July 2009. In September 2022, Shawn filed a petition for divorce based on insupportability. Eboni, then represented by counsel, answered and filed a counter-petition seeking a divorce based on insupportability, cruel

---

[1] Because the parties share a surname, we refer to them by their given names for clarity.

treatment, and adultery and sought a disproportionate share of the marital estate. In October 2023, Eboni's counsel filed a motion requesting the court's permission to withdraw, and new counsel was substituted as Eboni's attorney of record in November 2023. In November 2023, the trial court signed a scheduling order that included an April 15, 2024 trial setting.[2] In January 2024, Eboni's counsel filed a motion requesting the court's permission to withdraw based on a stated inability to effectively communicate with Eboni. The motion stated that the case was set for trial on April 15, 2024. In its order granting the motion to withdraw, the court noted the April 15, 2024 trial setting.

On April 12, 2024, Eboni, appearing pro se, filled out and filed a form document titled "Agreed Motion for Continuance." The motion stated that the case "is presently set for hearing or trial on April 17, 2024" and further stated:

> Regarding the final hearing scheduled for April 17, 2024, I have consulted with new counsel and received the contract for retention. New counsel is requesting a minimum of 90 days to review discovery and prepare for final trial; updated discovery was submitted April 5th by opposing counsel, after no updates since February 2023. I also received a request from [Round Rock Police Department] for time to review and respond to domestic violence records from their office.

Although the motion stated that "[t]he other party or parties in this case have agreed to this continuance as evidenced by the signature(s) below," the signature line for the "Other Party or Attorney for Other Party" was blank. On April 16, 2024, Shawn filed a trial brief addressing his assertion that he had a 69% separate property interest in the marital residence because he had used separate property to make a substantial down payment constituting 69% of the overall purchase price.

---

[2] Although the original scheduling order included a Monday April 15 trial setting, at some point in the two weeks before the week of April 15, it appears the parties were notified that the trial would begin on Wednesday of that week, April 17.

On April 17, 2024, the court called the case for trial. Shawn appeared, accompanied by counsel, but Eboni failed to appear. Before proceeding, the following colloquy took place:

THE COURT: All right. And as I previously indicated, it's 9:52 in the morning, and we've waited quite some time for Ms. Eboni Calbow, the respondent in this action, to appear. She has not appeared in the courtroom. I have also had her name called out in the hall three times. I've been waiting for her to appear so we could begin this setting that we've discussed in court several times. She has not appeared.

I have received notice that she filed a motion for continuance. I'll note that she has not set that motion, she has not asked to have it set, and she is not here to present it to me, but she did file something called *Agreed Motion For Continuance*.

[Counsel] I'll let you tell me whether or not that truly is agreed, and I'll also let you give me your position on that.

COUNSEL: Yes, Judge. We are not in agreement with the motion for continuance at this time. This case was set back in October by agreement. And if the Court could take judicial notice of the file, there was an agreed scheduling order entered on October 26th of 2023 setting this case for a final trial this week on the Court's long docket. The initial announcement was for three days.

We are here. We are ready. Every hearing we've had since that order was entered, we have discussed this trial date on the record. And we were here just recently on March, I believe 19th, and again this Court had asked Ms. Calbow if she'd be seeking a continuance, and she said that she was not going to seek a continuance.

So we prepared, we're ready, we have our expert, and we're ready to go. We believe she has proper notice.

THE COURT: I'll take judicial notice of the file as requested, along with the scheduling order, and based on that, along with the argument of counsel and the fact that she has not actually set a motion for continuance, she's not here to present me with a motion for continuance, I'll let you proceed.

3

The court then conducted a bench trial; heard testimony from Shawn and from a forensic accountant retained to trace Shawn's separate property; and rendered a final divorce decree.[3] Eboni then filed a "Motion to Set Aside Default Judgment." The document was a form document that Eboni filled out. Eboni checked the box that stated that the judgment should be set aside due to "Accident or Mistake." Eboni did not check the box that stated that the judgment should be set aside for "Lack of Notice." Eboni affirmed that she "filed an answer but did not appear at the hearing because of accident or mistake rather than intentional or conscious indifference." Eboni provided the following in response to the form's instruction to "state specific facts that show how your failure [] to appear at the hearing was an accident or mistake":

> I was in contact with the court coordinator for the two weeks prior to the hearing, and responded to the first inquiry about readiness for a hearing and confirmed that my counsel was not yet ready and made a request to be removed from the 4/15 docket. Opposing counsel was against a reset and the hearing was moved to the 4/17 docket, despite confirmation that a contract with new counsel was being executed on 4/8 with the contingency that he would be allotted proper time to prepare for a full trial. Updated discovery was received on 4/5 from opposing counsel, after 14 months of delay. The court coordinator and opposing counsel were contacted about the motion for continuance, and opposing counsel refused to sign, citing disbelief that new counsel was working on entry, [opposing counsel] confirmed plan for entry at the 4/17 hearing. I have no intention of appearing pro se at any part of the process and appeared for all set dates by opposing counsel pro se to comply. I was not informed by the court coordinator to appear in person for the motion for continuance or risk a default judgment, as I am not an attorney and have no knowledge of the process.

The court held a hearing on Eboni's motion to set aside the default judgment. At the hearing Eboni testified that her failure appear at trial was "a mistake"; that she "was under the impression that there was a motion for continuance that was going to be heard and not the final hearing"; that she thought the court would be "doing the motion for continuance and not the final hearing";

---

[3] At trial, Shawn agreed to an award of 60% of the community estate to Eboni.

and that although her attorney was contacted and confirmed that he intended to represent her, "the final hearing proceeded with out [her]." When asked why she did not appear to argue her motion for continuance on April 17, Eboni stated that she did not know that she needed to appear and that she "thought that was something that [the court] would review and either approve or deny." The court denied the motion to set aside the default judgment and this appeal followed.

## DISCUSSION

We review a trial court's denial of a motion for new trial after rendition of a default judgment for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004). Generally, before a default judgment can be set aside and a new trial granted, the defaulting party must satisfy the three elements known as the *Craddock* test. *See Craddock*, 133 S.W.2d at 126; *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987) (stating that *Craddock* test applies to post-answer default judgments). The *Craddock* test is well established: A trial court should set aside a default judgment and order a new trial in any case in which (1) the defaulting party's failure to answer or to appear was not intentional, or the result of conscious indifference, but was due to a mistake or an accident; (2) the defaulting party has a meritorious defense or claim; and (3) the motion is filed at a time when the granting of a new trial will not occasion delay or work other injury to the prevailing party. *Craddock*, 133 S.W.2d at 126. When a defaulting party moving for new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial. *Dolgencorp*, 288 S.W.3d at 926. A party who proves lack of notice of a trial setting satisfies the first *Craddock* element

5

because one cannot show intent or conscious indifference with regard to a trial of which one is unaware. *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) (per curiam); *Limestone Constr., Inc. v. Summit Com. Indus. Props., Inc.*, 143 S.W.3d 538, 543-44 (Tex. App.—Austin 2004, no pet.) (citing *Smith v. Holmes*, 53 S.W.3d 815, 818 (Tex. App.—Austin 2001, no pet.)).

Eboni first argues that she did not have adequate notice of the April 17, 2024 trial setting, which relieved her of proving the first of the *Craddock* elements. Eboni asserts that "no notice of hearing was filed regarding the change from April 15, 2024 to April 17, 2024, and no order or other document was ever entered altering the scheduling order." She further asserts that there was no evidence that she was given notice of the April 17 trial setting. But Eboni's own Motion for Continuance, filed April 12th, belies any assertion that she did not have notice of the April 17 trial setting. The motion acknowledges that the case is set for "hearing or trial" on April 17, and Eboni prefaced her request for a continuance by stating: "[r]egarding the final hearing scheduled for April 17, 2024." The motion is supported by Eboni's declaration, under penalty of perjury, that the statements in the motion "are within my personal knowledge and are true and correct." Eboni's own court filing supplies conclusive evidence that she had notice of the April 17, 2024 trial setting.

Eboni next argues that she has satisfied the first element of the *Craddock* test by showing that her failure to appear at trial was "an accident or mistake, and not the result of conscious indifference." It is undisputed that Eboni knew that there was a final hearing on the divorce proceedings set for April 17 and that her decision not to appear at that hearing was deliberate. "A failure to appear is not intentional or due to conscious indifference merely because it was deliberate; rather it must also be without justification." *Perry v. Benbrooke Ridge Partners, L.P.*, No. 05-16-01486-CV, 2018 WL 2138957, at *2 (Tex. App.—

6

Dallas May 7, 2018, no pet.) (mem. op.). A defaulting party satisfies her burden under the first *Craddock* element when her factual assertions, if true, show that her deliberate failure to appear was adequately justified. *In re Marriage of Sandoval*, 619 S.W.3d 716, 721 (Tex. 2021). Here, Eboni's motion to set aside the default judgment includes her statements that "opposing counsel was against a reset and the hearing was moved to the 4/17 docket" and that "opposing counsel confirmed plan for entry at the 4/17 hearing." Thus, Eboni confirmed that she was aware that the final hearing was set for April 17 and that her motion for continuance was opposed. Eboni testified that she did not appear at the April 17 hearing because she believed the court would consider her motion for continuance and either "approve or deny" it. This understanding does not provide a justification for failing to appear for trial. Eboni's own testimony demonstrates her awareness that the trial court could deny her motion to continue the trial to a later date, which would mean that the final hearing would likely take place on its scheduled date of April 17. There is no evidence that Eboni was told, or had reason to believe, that her filing a motion for continuance would nullify the existing trial date. Rather, the evidence before the trial court was that Eboni knew the trial was set for April 17, knew that opposing counsel opposed her request to continue the trial to a later date, knew that the trial court could deny the request for a continuance, and made the deliberate choice not to appear in court on April 17.

Eboni testified that when the hearing was moved from April 15 to April 17, that indicated to her that "we would be doing the motion for continuance and not the final hearing" on April 17. Eboni argues that the change in the hearing date from April 15 to April 17 caused her to believe that only the motion for continuance would be considered at the April 17 hearing. We understand Eboni to mean that the court's moving the hearing date from April 15 to April 17 caused her to believe that, in response to her request for a continuance, the court had canceled

the final hearing and would hear only the motion for continuance. However, there was evidence—specifically her reference to a "final hearing 4/17"—that Eboni knew that the trial setting had been moved before she filed her motion for continuance and, therefore, that the change in hearing date was not made in response to her requesting that the trial be continued. The court, as the trier of fact, could resolve the inconsistency in Eboni's testimony and disbelieve her assertion that the hearing's being held on April 17 rather than April 15 "indicated we would be doing the motion for continuance and not the final hearing." *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986) (stating that trier of fact may believe one witness and disbelieve others and resolve inconsistencies in testimony of any witness).

On this record, the trial court reasonably could conclude that Eboni knew that the case was set for final hearing on April 17 and chose not to appear. We conclude that Eboni failed to meet her burden to prove the first element of the *Craddock* test by demonstrating that her failure to appear at trial was due to a mistake or accident, as opposed to intentional disregard on her part. Accordingly, the trial court did not abuse its discretion by denying Eboni's motion for new trial. We overrule her first issue.[4]

## CONCLUSION

Having concluded that the trial court did not abuse its discretion in denying Eboni's motion to set aside the default judgment, we affirm the trial court's final divorce decree.

---

[4] Having concluded that Eboni did not satisfy one of the *Craddock* elements, we need not reach her arguments on the remaining elements. *See* Tex. R. App. P. 47.1. We also need not address her second issue in which she complains that the trial court improperly considered an e-mail between her and the court coordinator that neither party offered as evidence. Because our analysis does not rely on this e-mail, any error by the trial court in considering it would be harmless. *See* Tex. R. App. P. 44.1 (court of appeals may only reverse judgment if trial court's error probably caused rendition of improper judgment).

8

_____

               Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Affirmed

Filed: May 19, 2026